*805 OPINION

Per Curiam:

FACTS

The petitioners were indicted on thirty-three felony counts. Following the return of the indictment, the petitioners’ case was assigned to Department XIII of the Eighth Judicial District Court. Of four indictments returned before Chief Judge Becker on February 26, 1993, all four were assigned to Department XIII. The chances of all four indictments before Chief Judge Becker on February 26, 1993, being assigned to only one of the fourteen judges under a purely random selection process were 2,744 to 1. On March 10, 1993, the petitioners filed a “Motion for Remand to Chief Judge for Random Assignment,” which was denied. The petitioners now seek a writ of mandamus compelling reassignment of their case in accordance with the random case assignment rule. On March 15, 1993, we issued an order staying all.proceedings in the district court pending our decision on the petition for a writ of mandamus.

DISCUSSION

Standard of Review

“A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise *806 of discretion. Mandamus is not available where the petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law. Mandamus is an extraordinary remedy, and the decision as to whether a petition will be entertained lies within the sound discretion of this court.” Brewery Arts Ctr. v. State Bd. Examiners, 108 Nev. 1050, 1053, 843 P.2d 369, 372 (1992) (citations omitted).
The petitioners contend that their case was assigned in violation of the random assignment rule of the Eighth Judicial District Court Rules of Practice (EDCR). Court rules, when not inconsistent with the Constitution or certain laws of the state, have the effect of statutes. Lauer Et Al. v. District Court, 62 Nev. 78, 85, 140 P.2d 953, 956 (1943). EDCR 1.60 states, in part, “Unless otherwise provided in these rules, all cases must be distributed on a random basis.” Pursuant to EDCR 1.64, all criminal cases initiated by information are assigned on a purely random basis. Pursuant to EDCR 1.62, civil cases are assigned on a semi-random basis — the assignment procedure is designed to equalize the caseloads of the district court judges and therefore civil assignments are not purely random. Probably as a result of the inconsistent use of the indictment process in Nevada’s history, the Eighth Judicial District Court assigns criminal cases initiated by indictment by the method for civil case assignment rather then by the method for assignment of criminal cases initiated by information.
In the instant case, the four indictments returned before Chief Judge Becker on February 26, 1993, were to be randomly assigned among the fourteen departments of the Eighth Judicial District. All four cases were assigned to Judge Foley in Department XIII. As previously stated, the odds of all four cases being assigned to one department under a purely random assignment procedure were 1 in 2,744. The odds of all four cases being assigned specifically to Judge Foley under a purely random, assignment procedure were 1 in 38,416. Regardless of any explanation by the respondents or real party in interest as to how such a phenomenon could have occurred, and as to why the assignment procedure in the instant case was in fact random, we cannot avoid the obvious conclusion based on mathematical probabilities that in' this case the computer assignment system responsible for randomly assigning cases in the Eighth Judicial District failed and a random assignment of cases, however “random” may be defined, was not achieved. Accordingly, we return this case to the *807 Chief Judge of the Eighth Judicial District for assignment in conformity with EDCR 1.60. We further alert the Chief Judge that the EDCR 1.64 assignment mechanism utilized in assigning cases initiated by information satisfies the “random” assignment requirement of EDCR 1.60 and should be utilized in assigning all criminal cases, whether initiated by information or indictment. In addition, we direct the Chief Judge that, in reassigning this case, Judge Foley be removed from the pool of available judges from which the reassignment is to be made. We direct the exclusion of Judge Foley from the reassignment selection pool because, in hearing the petitioners’ motion to remand to the Chief Judge for random assignment, Judge Foley personally conducted investigations relevant to the case, and even a hint of personal interest in or knowledge of the case by the sitting judge should be avoided.
We have been informed that, since this petition was filed, the computer program responsible for assigning cases in the Eighth Judicial District has been modified such that no judge may be assigned more than one case resulting from an indictment at any one time. We direct the Chief Judge of the Eighth Judicial District to make appropriate inquiries to satisfy herself and the Eighth Judicial District Court that the modified computer program, as it currently exists, provides for assignment of all criminal cases in the same manner, whether they be initiated by information or indictment. We further inform all potential parties who may be affected by this decision that we expect any possibile defect in the assignment procedure of the Eighth Judicial District as discussed in this opinion to now be remedied, and we consider any further challenge to the assignment procedure as it existed on February 26, 1993, to be untimely.
We have considered all other contentions in this petition and we conclude that they either lack merit or need not be addressed in light of our disposition. Accordingly, we grant this petition for a writ of mandamus. The clerk of this court shall issue a writ of mandamus compelling the Chief Judge of the Eighth Judicial District Court to reassign these cases in conformity with EDCR 1.60 among all eligible judges of the Eighth Judicial District Court except Judge Foley, and to fully comply with the other directives of this opinion.