INGER CASEY, APPELLANT, *v.*
WELLS FARGO BANK, N.A., RESPONDENT.

No. 57656

December 13, 2012                290 P.3d 265

*Smith & Harmer, Ltd.*, and *Julian C. Smith Jr.* and *Joylyn Harmer*, Carson City, for Appellant.

*Lewis & Roca LLP* and *Paul A. Matteoni* and *Scott S. Hoffmann*, Reno, for Respondent.

Before SAITTA, PICKERING and HARDESTY, JJ.

## OPINION

By the Court, PICKERING, J.:

Nevada has adopted the Uniform Arbitration Act of 2000, codified in NRS 38.206 to 38.248 (UAA). *See* NRS 38.206; 2001 Nev. Stat., ch. 280, §§ 1-44, at 1274-87. The UAA provides for judicial review and enforcement of arbitration awards. It provides that the winning party can move the district court for an order confirming the award, NRS 38.239, and gives the losing party 90 days from the date of notice of an adverse arbitration award to move the district court to vacate, modify, or correct the award. NRS 38.241(2); NRS 38.242(1).

In this case, the district court summarily granted the motion of respondent Wells Fargo Bank, N.A., to confirm its arbitration award against appellant Inger Casey. It did so without giving Casey the opportunity to be heard in opposition to the motion to confirm, even though the 90-day period for Casey to move to vacate, modify, or correct the award had yet to run. Because this was error, we reverse and remand.

I.

This dispute began when Casey deposited four checks made payable to "Inger Casey, Pat & Linda Dempsey" into her Wells Fargo checking account. The Dempseys did not endorse the checks. After the issuer questioned the missing endorsements, Wells Fargo opened a fraud investigation and froze the funds. Litigation followed, including a counterclaim by Casey against Wells

Fargo alleging breach of contract and violation of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 to 1693r, inclusive. Eventually, the matter was submitted to arbitration through the American Arbitration Association.

After a three-day hearing, the arbitrator issued a written award in Wells Fargo's favor. Casey filed a motion with the arbitrator to modify the award, which he denied. Wells Fargo then moved the district court for an order confirming the arbitration award and for entry of judgment on it. Within hours, the district court granted Wells Fargo's motion. Casey objected by filing a motion to strike the district court's confirmation order and judgment, arguing that she should have been afforded the opportunity to oppose the motion to confirm and/or to file a competing motion to vacate, modify, or correct the award. The district court denied Casey's motion to strike, concluding that NRS 38.239 mandates confirmation unless a motion to vacate, modify, or correct the award is already on file before the motion to confirm is filed. Casey appeals.[1]

## II.

This court reviews de novo a district court's legal conclusions, including matters of statutory interpretation. *Douglas Disposal, Inc. v. Wee Haul, LLC*, 123 Nev. 552, 557, 170 P.3d 508, 512 (2007). "Court rules, when not inconsistent with the Constitution or certain laws of the state, have the effect of statutes." *Margold v. District Court*, 109 Nev. 804, 806, 858 P.2d 33, 35 (1993). And so,. we also review de novo legal conclusions regarding court rules. *See id.*

## A.

First, Casey is correct that the district court should not have granted Wells Fargo's motion to confirm without giving her time to oppose it. NRS 38.218(1) provides that, "[e]xcept as otherwise

---

[1]After the confirmation order was filed, Casey filed a motion in the district court to vacate, modify, or correct the arbitration award. Casey filed her notice of appeal before the district court acted on this motion, so it remains undecided. Wells Fargo argues that Casey's motion deprives this court of jurisdiction, but this is incorrect under NRS 38.247(1)(c), which provides a direct right of appeal from an order confirming an arbitration award. We decline Casey's invitation to reach the merits of the motion to vacate, correct, or modify. Although we reverse the summary confirmation order, it is for the district court on remand to decide the merits of the motion to vacate, correct, or modify in the first instance. *See Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 409 (9th Cir. 2011).

provided in NRS 38.247, an application for judicial relief under NRS 38.206 to 38.248, inclusive, must be made by motion to the court and heard in the manner provided by rule of court for making and hearing motions.'' Since Wells Fargo based its motion to confirm on NRS 38.239, the motion qualified as an ''application for judicial relief under NRS 38.206 to 38.248,'' meaning NRS 38.218 and the local ''rule[s] of court'' apply. Under Third Judicial District Court Rule 7(B), ''[a]n opposing party [Casey] . . . shall have ten (10) days after service of the moving party's [Wells Fargo's] memorandum within which to serve and file a memorandum of points and authorities in opposition to the motion.''[2] Here, Wells Fargo served its motion to confirm on Casey on December 21, 2010, and the district court granted it the next day, December 22, 2010. The motion to confirm should not have been decided without giving Casey the ten days provided by the court rules to file a written opposition to it.

## B.

Second, Casey argues, again correctly, that the district court erred when it held that NRS 38.239 required it to summarily confirm the arbitration award, making an opposition pointless.

NRS 38.239 reads as follows:

> After a party to an arbitral proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award *at which time the court shall* issue a confirming order unless the award is modified or corrected pursuant to NRS 38.237 or 38.242 or is vacated pursuant to NRS 38.241.

(Emphasis added.) In denying Casey's motion to strike, the district court relied on NRS 38.239, particularly the words emphasized above. In its view, the use of ''shall'' in NRS 38.239 mandated summary confirmation of the award because, when Wells Fargo filed its motion to confirm, no motion to vacate, modify, or correct the award had been filed.

A party who loses in arbitration has 90 days after the arbitrator gives notice of the adverse award to file a motion to vacate under NRS 38.241(2) or to modify or correct under NRS 38.242(1).[3]

---

[2]Effective January 1, 2012, Churchill County was removed from the Third Judicial District to become the newly created Tenth Judicial District. 2011 Nev. Stat., ch. 316 § 1, at 1772-73. We apply the Third Judicial District Court Rules here because the district court proceedings took place in Churchill County before the change.

[3]If a party moves to vacate the award because it ''was procured by corruption, fraud or other undue means,'' the 90-day time period begins when the

717

Here, Casey received notice of the arbitrator's award at the earliest on November 4, 2010. When the court entered its order confirming the award on December 22, 2010, Casey thus was still within the 90-day statutory period allowed for filing a motion to vacate, modify, or correct. An opposition thus cannot be said to have been pointless. *See Thompson v. Lee*, 589 A.2d 406, 409 (D.C. 1991) (an opposition to a motion to confirm serves the same purposes as a motion to vacate, and so, a nonmoving party is entitled to file an opposition, so long as the 90-day time period has not elapsed); 4 Thomas H. Oehmke, *Commercial Arbitration* § 133:5 (3d ed. & Supp. 2012) ("If a losing party fails to move to vacate, modify or correct an award, and the three month deadline for doing so has not yet arrived, then objections to confirmation may still be raised.").

NRS 38.239 codifies section 22 of the UAA. *See* Unif. Arbitration Act (2000) § 22, 7 U.L.A. 76 (2009). Because the language in section 22 of the UAA is almost identical to that of NRS 38.239, comment 1 to section 22 is useful in interpreting our statute. Comment 1 makes the point that:

> Although a losing party to an arbitration has 90 days after the arbitrator gives notice of the award to file a motion to vacate under Section 23(b) [NRS 38.241(2)] or to file a motion to modify or correct under Section 24(a) [NRS 38.242(1)], a court need not wait 90 days before taking jurisdiction if the winning party files a motion to confirm under Section 22 [NRS 38.239]. Otherwise the losing party would have this period of 90 days in which possibly to dissipate or otherwise dispose of assets necessary to satisfy an arbitration award. If the winning party files a motion to confirm prior to 90 days after the arbitrator gives notice of the award, the losing party can either (1) file a motion to vacate or modify at that time or (2) file a motion to vacate or modify within the 90-day statutory period.

The error in this case thus was not in the district court accepting jurisdiction over the motion to confirm. It was in summarily adjudicating the motion to confirm, without giving Casey the opportunity to file an opposition to the motion or to file a motion to vacate, modify, or correct, while she was still within the 90-day period to so move.

"[I]f a party fails to make a timely motion to vacate an award, the right to oppose confirmation on a statutory basis (that could

---

"ground is known or by the exercise of reasonable care would have been known by the movant." NRS 38.241(2).

have been raised in a timely vacatur petition but was not) is waived." Oehmke, *supra*, §§ 133:5-6.[4] But when the 90-day period has not run, the district court "must review the arbitration documents to determine the propriety of issuing an order of confirmation." Susan Wiens and Roger Haydock, *Confirming Arbitration Awards: Taking the Mystery Out of a Summary Proceeding*, 33 Wm. Mitchell L. Rev. 1293, 1306 (2007). In this case, much as in *Graber v. Comstock Bank*, the district court erred in not reviewing the arbitration record and award before confirming it. 111 Nev. 1421, 1428-29, 905 P.2d 1112, 1116 (1995). Despite the limited judicial review available in arbitration cases, the district court nonetheless "had the authority and obligation" to review the award before rubber-stamping it. *Id.*

Accordingly, we reverse and remand with instructions to allow Casey an opportunity to be heard in opposition to the motion to confirm and on her motion to vacate, modify, or correct and for the district court to review the arbitration award consistent with this opinion.

SAITTA and HARDESTY, JJ., concur.

---

[4]The rule of waiver applies when the statutorily allotted time to move to vacate, modify, or correct an award has run. *Compare Lander Co., Inc. v. MMP Investments, Inc.*, 107 F.3d 476, 478 (7th Cir. 1997) ("Under the [Federal Arbitration] Act, if you fail to [timely] move to vacate an arbitration award you forfeit the right to oppose confirmation (enforcement) of the award if sought later by the other party."), *with* Oehmke, *supra* § 133:5 ("Some courts have suggested that a *non-statutory* basis for vacatur (e.g., manifest disregard of the law, violation of public policy, due process, laches, violation of fundamental due process, and the like) may be articulated even after the three-month limitations period (to modify, correct or vacate) has expired.").