CIVIL RIGHTS FOR SENIORS, a Nevada Nonprofit Corporation, Appellant, *v.* ADMINISTRATIVE OFFICE OF THE COURTS, Respondent.

No. 60945

October 31, 2013

313 P.3d 216

[Rehearing denied February 24, 2014]

*Philip A. Olsen*, Tahoe City, California, for Appellant.

*Allison, MacKenzie, Pavlakis, Wright & Fagan, Ltd.*, and *Alicia G. Johnson*, Carson City, for Respondent.

Before PICKERING, C.J., GIBBONS, HARDESTY, PARRAGUIRRE, DOUGLAS and CHERRY, JJ.[1]

## OPINION

*Per Curiam:*

This appeal presents novel issues regarding the scope of public access to certain records maintained by the Administrative Office of the Courts (AOC) and whether the AOC is a "[g]overnmental entity" within the meaning of NRS 239.005(5).[2]

Appellant Civil Rights for Seniors (CRS) filed a request with the AOC pursuant to Nevada's Public Records Act (the Act), seeking access to a variety of documents related to Nevada's Foreclosure Mediation Program (FMP). The AOC offered to provide some of the documents in redacted or statistical form but refused to disclose other information as either confidential or privileged. CRS filed a petition for a writ of mandamus in district court to compel the AOC to produce all of the requested documents in their original form. The district court denied CRS's petition, reasoning that the AOC, as a judicial entity, is not subject to the Act and that the requested documents are otherwise confidential as a matter of law.

On review, we conclude that the district court properly rejected access to the requested information based on the confidentiality provisions set forth in the rules of this court. Accordingly, we affirm the district court's order.

---

[1]THE HONORABLE NANCY M. SAITTA, Justice, voluntarily recused herself from participation in the decision of this matter.

[2]At the time of the relevant events in this case, NRS 239.005(5) was numbered NRS 239.005(4). The subsection was renumbered effective October 1, 2013. *See* A.B. 31, 77th Leg. (Nev. 2013). For consistency, all citations refer to the subsection number of the 2013 version of the statute.

## FACTS AND PROCEDURAL HISTORY

Beginning in 2009, the Foreclosure Mediation Program has provided Nevada homeowners the opportunity to attend loan-modification mediation with the beneficiary of the deed of trust or a qualified representative before a nonjudicial foreclosure sale can occur. *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. 886, 888, 266 P.3d 602, 603 (2011). When a homeowner elects mediation, the home-owner and the beneficiary of the deed of trust must participate in mediation in good faith and produce certain documents and infor-mation. *See Pasillas v. HSBC Bank USA*, 127 Nev. 462, 469, 255 P.3d 1281, 1286-87 (2011). After mediation has concluded, the mediator issues a statement that may recommend sanctions and must include any agreement reached by the parties. FMR 17. If ei-ther party fails to comply with the statutory requirements, the other party can request judicial review to determine whether sanc-tions are warranted for bad faith. *See Holt*, 127 Nev. at 893, 266 P.3d at 606. Ultimately, the beneficiary must obtain an FMP me-diation certificate to exercise a valid nonjudicial foreclosure sale under NRS 107.080. NRS 107.086(2)(c)[3] (a "trustee shall not exercise a power of sale . . . unless the trustee . . . [c]auses to be recorded [an FMP certificate stating either] that no mediation is re-quired [or that] mediation has been completed in the matter").

Under authority delegated by the Legislature, NRS 107.086(8), this court appointed the AOC as Mediation Administrator, which is charged with the general duties for administering foreclosure me-diations. FMR 2(1). As Administrator, the AOC may appoint a manager and support staff and may enter into contracts with third parties for mediation-related services. FMR 2(2). The AOC main-tains a list of court-approved available mediators and selects me-diators for assignment. FMR 3(2), (3).

In 2011 and 2012, CRS twice sought access to information contained in FMP records maintained by the AOC in its capacity as Mediation Administrator. CRS sought copies of all mediator statements and FMP certificates issued since July 2009, as well as copies of all mediator assignments, all correspondence between AOC employees, any recommendations of sanctions, the minutes of various meetings conducted by the AOC or the supreme court, law firm billings, legal agreements, and all written comments received by the AOC from FMP participants. The AOC denied many of CRS's requests, contending that the requested documents were ei-ther confidential pursuant to Nevada's Foreclosure Mediation Rules or subject to the attorney-client or government deliberative process

---

[3]NRS 107.086 was amended effective July 1, 2013. *See* S.B. 278, 77th Leg. (Nev. 2013). The amendments do not affect the quoted paragraph.

privileges. In doing so, the AOC offered to provide many records in statistical or redacted form so that CRS could receive the benefit of the information without compromising the confidentiality of the FMP records. Dissatisfied with this response, CRS filed a petition for a writ of mandamus with the district court to compel the AOC to grant access to the requested documents in their original form.

During the district court's mandamus hearing, CRS explained that it was requesting the information in order to evaluate the effectiveness of the FMP and to increase administrative transparency. CRS also clarified that although the AOC had offered to provide the records in statistical or redacted form, this was insufficient because CRS would be unable to track a particular case or contact homeowners for additional information. The AOC responded that it was not a government entity as defined in NRS Chapter 239, and therefore CRS could not rely on the Act to compel disclosure. The AOC further argued that disclosure of homeowners' identifying information would inappropriately reveal highly personal and sensitive financial information. Additionally, according to the AOC, FMP participants had previously been assured that certain aspects of the FMP process would be confidential. The AOC also objected to disclosure of the mediator statements and trustee affidavits regarding negotiation terms, as it might discourage future FMP participation.

The district court denied CRS's petition, concluding that the judicial branch of government is not included in NRS 239.005(5)'s definition of "[g]overnmental entity," and thus the Act did not apply. The district court further determined that the FMRs prohibit disclosure of the requested documents, which include the identifying information of FMP participants, until a petition for judicial review is filed. CRS now brings this appeal.

## DISCUSSION

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station[,] or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted); *see* NRS 34.160. " 'A district court's decision to grant or deny a writ petition is reviewed by this court under an abuse of discretion standard.' However, questions of statutory construction, including the meaning and scope of a statute, are questions of law, which this court reviews de novo." *City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003) (quoting *DR*

*Partners v. Bd. of Cnty. Comm'rs*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000)). "Generally, when 'the language of a statute is plain and unambiguous . . . the courts are not permitted to search for its meaning beyond the statute itself.' " *Chanos v. Nev. Tax Comm'n*, 124 Nev. 232, 240, 181 P.3d 675, 680 (2008) (quoting *State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 293, 995 P.2d 482, 485 (2000)).

*The requested records are confidential under the Act*

Under the Act, "unless otherwise declared by law to be confidential, all public books and public records of a governmental entity must be open at all times during office hours to inspection by any person." NRS 239.010(1).[4] On appeal, CRS argues that the Act compels disclosure because "governmental entity" necessarily applies to the judiciary and the requested information has not otherwise been declared confidential. However, we need not decide whether the Act applies to the judiciary in general, or the AOC in particular, because we conclude that even if the Act does apply to the judiciary, the records in question are confidential as a matter of law.

In assessing claims of confidentiality under the Act, we presume that all government-generated documents are open to disclosure unless they are explicitly declared confidential by law or the state entity proves that the private or law enforcement interests in confidentiality clearly outweigh the general policy in favor of open government. *Reno Newspapers, Inc. v. Gibbons*, 127 Nev. 873, 880, 266 P.3d 623, 628 (2011). "Court rules, when not inconsistent with the Constitution or certain laws of the state, have the effect of statutes." *Margold v. Eighth Judicial Dist. Court*, 109 Nev. 804, 806, 858 P.2d 33, 35 (1993) (citing *Lauer v. Eighth Judicial Dist. Court*, 62 Nev. 78, 85, 140 P.2d 953, 956 (1943)).

Under NRS 107.086(8)(d), the Supreme Court is to carry out the FMP statutory provisions by "[e]stablishing procedures to protect the mediation process from abuse." Accordingly, we enacted the FMRs under power delegated by the Legislature and under our inherent power to provide for the efficient administration of justice. FMR 1(1).

The FMRs provide for confidentiality of many FMP documents. Most important here, the rules state that "[a]ll documents and dis-

---

[4]The quoted language reflects NRS 239.010(1) as amended effective October 1, 2013. *See* A.B. 31, 77th Leg. (Nev. 2013). The pertinent part of the previous version of NRS 239.010(1) contained substantially similar language.

cussions presented during the mediation shall be deemed confidential and inadmissible in any subsequent actions or proceedings, *except* in an action for judicial review." FMR 19. In addition, FMR 7(3) provides that "[a]ny program-issued certificate is considered confidential until recorded."[5]

Thus, the FMRs plainly state that any documents or discussions presented at mediation, as well as any unrecorded certificates, are unequivocally confidential unless and until a participant files a petition for judicial review or the certificate is recorded.[6] FMR 7, 19. Because all discussions during the mediation are confidential, post-mediation documents memorializing or relating to those discussions are also confidential as a matter of law. *See* FMR 19.

Here, CRS is requesting various documents dating back to July 2009, including all mediator statements, all certificates, all assignments provided to the mediators, all petitions for sanctions, and all trustee affidavits. The AOC refused to release these documents in their original form, explaining that they contain the names and other identifying information of FMP participants. We conclude that regardless of whether the requested documents contain identifying information, they are documents presented at mediation, documents that embody the discussions and negotiations that took place therein, and certificates without regard to their recording status. We further conclude that these documents are confidential according to FMR 7 and FMR 19, and thus are confidential as a matter of law.

## *The requested documents are not court records*

In the alternative, CRS argues that the records are subject to disclosure as court records. As a separate branch of government under the Nevada Constitution, the judiciary has the inherent authority to manage its own affairs, make rules, and carry out other incidental powers when *"reasonable and necessary"* for the administration of justice. *Halverson v. Hardcastle*, 123 Nev. 245,

---

[5]The court also notes that the version of FMR 11 in effect both when CRS made its requests and when the district court denied CRS's petition explicitly provided confidentiality for certain materials. FMR 11(8)-(9). Amendments removing these subsections became effective January 1, 2013. *In re Adoption of Rules for Foreclosure Mediation*, ADKT No. 435 (Order Amending Foreclosure Mediation Rules, December 6, 2012).

[6]Similarly, because the requested information relates to the FMP, a confidential and voluntary mediation program, and does not relate to a public judicial proceeding, we reject CRS's argument that the First Amendment guarantees the public's right to access. *Del Papa v. Steffen*, 112 Nev. 369, 374, 915 P.2d 245, 248 (1996) (recognizing First Amendment rights of access to criminal and civil judicial proceedings, as these places are "traditionally open to the public").

260-61, 163 P.3d 428, 439-40 (2007) (internal quotations omitted). In exercising this power, we have adopted rules declaring that "[a]ll court records in civil actions are available to the public, except as otherwise provided in these rules or by statute." SRCR 1(3). "Court records" are then defined to include "information . . . that is maintained by a court in connection with a judicial proceeding." SRCR 2(2)(a). This "does not include data maintained by or for a judge pertaining to a particular case or party, such as . . . working papers; or information gathered, maintained, or stored by a government agency or other entity to which the court has access but which is not entered in connection with a judicial proceeding." SRCR 2(2)(b).

We conclude that the requested documents are not maintained in connection with a judicial proceeding. Indeed, the FMP process is completed before, and often in lieu of, the initiation of a proceeding in any court. Thus, the requested records are not court records subject to disclosure pursuant to SRCR 1(3).

*The common law does not mandate disclosure*

Because the requested documents are not court records and are not otherwise open to the public, we also reject CRS's argument that disclosure is required pursuant to principles of the common law right to inspect public records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 588, 597-98 (1978) (holding that the public's "general right to inspect and copy public records" is not absolute and courts have inherent authority to deny public access to its records when justified). Even if this court were to conclude that the requested documents were public court records, however, the AOC's interest in maintaining the confidentiality of participant information is justified, given the personal and sensitive nature of the information involved. This is particularly true in this case, where CRS admitted it sought the information in order to contact homeowners directly. To hold otherwise would expose highly sensitive personal and financial information to the public and thus have a chilling effect on open and candid FMP participation, undermining the Legislature's interest in promoting mediation.

## CONCLUSION

Because the FMRs plainly provide that the requested information is confidential, and given the judiciary's inherent authority to manage its own affairs, we hold that the information is explicitly declared confidential by law and the AOC acted within its power by maintaining the requested documents as confidential in order to protect the privacy of FMP participants. As to the remaining documents, the AOC has asserted the attorney-client and government

deliberative process privileges in denying CRS's requests. Because CRS has never argued that these privileges do not apply, we conclude that CRS has waived any argument against the AOC's asserted privileges. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

Thus, we conclude that the district court properly rejected access to the requested information based on the confidentiality provisions set forth in the rules of this court, and we therefore affirm its decision.