An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TONJA L. DEMOFF,
Appellant,
vs.
JIM SHARP, AN INDIVIDUAL; OTTO
MISSO, AN INDIVIDUAL; TERRIE
HAYNES; AND BB TNT PROPERTIES,
LLC, A CALIFORNIA LIMITED
LIABILITY COMPANY,
Respondents.

No. 63394

**FILED**

JUL 2 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment on an arbitration award in a contract action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

## BACKGROUND

Appellant Tonja Demoff orchestrated a real estate investment scam by misrepresenting her investment experience and wealth, promising to make millionaires out of those who followed her advice and invested in her projects. Relying on these misrepresentations, respondents Otto Misso and Jim Sharp jointly purchased a master franchise from appellant for $250,000.00 and entered into a partnership agreement with her. Individually, respondents also paid appellant significant sums of money, but never received the promised interests in titles to real property or returns on their investments.

In April 2008, appellant preemptively filed a complaint against respondents in the Eighth Judicial District Court of Nevada for

SUPREME COURT
OF
NEVADA

(O) 1947A

15-21973

multiple claims, including breach of the partnership agreement. The district court in Nevada determined that, pursuant to the partnership agreement, the parties intended to submit to binding arbitration and ordered the claims in the action to be arbitrated in Nevada. Subsequently, respondents filed their answer, counterclaims, and cross-claims with the arbitrator.

Eventually, the arbitrator entered a default against appellant for failure to answer respondents' counterclaims. Over four months later, facing an application for a default judgment against her, appellant filed an opposition to the application and a motion to set aside the default.

On October 7, 2009, the arbitrator issued a lengthy written decision in favor of respondents. Thereafter, respondents filed a motion in district court to confirm the arbitration award, which the district court granted. On December 7, 2009, the notice of entry of this order was served on appellant by mail.

On January 6, 2010, appellant filed a voluntary petition for bankruptcy under 11 U.S.C. § 301, initiating a bankruptcy stay. Thereafter, on May 16, 2013, the stay was terminated by joint stipulation. On June 13, 2013, appellant filed a notice of appeal.

## DISCUSSION

On appeal, appellant contends that the district court erred by exceeding the scope of the arbitration provision in the partnership agreement and that the arbitrator erred by refusing to set aside the default. Respondents disagree and separately argue that this court lacks jurisdiction to review this appeal. We determine that, while this court has jurisdiction to entertain the appeal, appellant's arguments are untimely

and therefore waived. Accordingly, we affirm the district court's order confirming the arbitration award.

*Jurisdiction*

We review jurisdictional questions de novo. *See Deja Vu Showgirls v. State, Dep't of Tax.*, 130 Nev., Adv. Op. 73, 334 P.3d 392, 397 (2014). As we explained in *Whitman v. Whitman*, 108 Nev. 949, 950, 840 P.2d 1232, 1233 (1992), "[a]n untimely notice of appeal fails to vest jurisdiction in this court." NRAP 4(a)(1) generally requires a party to file a notice of appeal "no later than 30 days after the date that written notice of entry of the judgment or order appealed from is served," but also recognizes that "[i]f an applicable statute provides that a notice of appeal must be filed within a different time period, the notice of appeal . . . must be filed within the time period established by the statute."

Here, written notice of the district court's order was served on appellant by mail on December 7, 2009. NRAP 26(c) provides a party three additional days for filing a notice of appeal when receiving service of the entry of the order by mail. Because respondents served appellant with notice of the district court's order by mail, appellant was entitled to three additional days to file her appeal.

On January 6, 2010, before the deadline for filing her appeal passed, appellant filed a voluntary notice of bankruptcy pursuant to 11 U.S.C. § 301. Under 11 U.S.C. § 362(a), "a petition filed under section 301 . . . operates as a stay, applicable to all entities, of-- (1) the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor." Although respondents claim that appellant's appeal does not qualify as an action against the debtor, we disagree. "[S]ection 362 should be read to stay all appeals in proceedings that were *originally*

*brought* against the debtor, regardless of whether the debtor is the appellant or the appellee." *Parker v. Bain*, 68 F.3d 1131, 1136 (9th Cir. 1995) (internal quotation omitted). Because a single case can include more than one action or proceeding for purposes of the application of the automatic stay under 11 U.S.C. § 362(a), multiple claims "must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." *Id.* at 1137 (internal quotation omitted). Although appellant initiated the action below by filing her complaint, respondents filed counterclaims. Those counterclaims qualify as claims originally brought against the debtor under Section 362(a)(1). *See Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994). Therefore, appellant's appeal related to respondents' counterclaims triggered the automatic stay under 11 U.S.C. § 362(a)(1).

Having concluded that an automatic stay took effect, we must determine whether, after the termination of the stay, appellant timely filed her appeal. Section 108(c) of U.S.C. chapter 11 provides:

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of--
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362 . . . with respect to such claim.

Pursuant to section 108(c), because appellant filed her voluntary petition for bankruptcy initiating the stay under section 362 before the deadline to appeal the district court's decision expired, appellant had 30 days after the expiration of the stay to file her appeal. Here, the stay ended on May 16, 2013, and appellant filed her notice of appeal within 30 days on June 13, 2013. Accordingly, this court has jurisdiction to hear this appeal under NRAP 4(a)(1).

*Waiver*

"We review a district court's confirmation of an arbitration award de novo," considering the strong public policy in favor of arbitration and applying a clear and convincing evidence standard when a party seeks to vacate such an award. *Sylver v. Regents Bank, N.A.*, 129 Nev., Adv. Op. 30, 300 P.3d 718, 721 (2013). A court may vacate an arbitration award by statute or common law. *See id.* However, a party's failure to timely move the district court for such relief equates to waiver. *See Casey v. Wells Fargo Bank, N.A.*, 128 Nev., Adv. Op. 64, 290 P.3d 265, 268 (2012). A party seeking to vacate an arbitration award by statute has 90 days after receiving notice of the arbitration award to file a motion. NRS 38.241(2). And, although we have acknowledged that "[s]ome courts have suggested that a *non-statutory* basis for vacatur . . . may be articulated even after the three-month limitations period . . . has expired," we have not adopted that principle, and therefore do not apply it here.

Here, appellant failed to file a motion for vacatur or make any other challenge within the required time period after receiving notice of the arbitration award. This constituted waiver. Accordingly, we decline to consider appellant's substantive arguments that were not raised before the district court.

 

Based on the foregoing, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Elizabeth Goff Gonzalez, District Judge
        Stephen E. Haberfeld, Settlement Judge
        Law Offices of P. Sterling Kerr
        Fennemore Craig Jones Vargas/Las Vegas
        Fennemore Craig Jones Vargas/Reno
        Eighth District Court Clerk