# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO K.J.B., MINOR.

JOYCE E.B.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; AND K.J.B.,
Respondents.

No. 71515

**FILED**

JAN 18 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court order terminating appellant's parental rights. Eighth Judicial District Court, Family Court Division, Clark County; Charles J. Hoskin, Judge.

A hearing master presided over the parental rights termination trial and entered a recommendation that appellant's parental rights be terminated. Appellant objected to the master's recommendation and specifically argued that the master lacked the authority to hear the termination matter. The district court concluded that the master had the authority to do so and, after reviewing the record and transcripts, entered an order adopting the master's findings of fact, conclusions of law, and

18-02573

recommendation to terminate appellant's parental rights. This court reviews de novo the district court's legal conclusions. *Casey v. Wells Fargo Bank, N.A.*, 128 Nev. 713, 715, 290 P.3d 265, 267 (2012).

The Nevada Constitution allows the Legislature to "provide by law for . . . [r]eferees in district courts." Nev. Const. art. 6, § 6(2)(a). Accordingly, in certain Chapters of the Nevada Revised Statutes, the Legislature has provided that the district courts may appoint a master or referee to hear and determine particular matters subject to the district court's supervision and review. *See, e.g.*, NRS 3.405 (authorizing masters to hear paternity actions); NRS 125.005 (allowing the use of referees in actions involving the dissolution of a marriage or the support or custody of a child); NRS 432B.470 (permitting a master to preside over a hearing concerning a protective custody petition). The Legislature, however, has not enacted a law allowing the district courts to allocate the duty to hear a termination of parental rights petition to a master. The termination of parental rights is governed by NRS Chapter 128 and there is no statute within that chapter providing for the appointment of a referee or master. *Cf.* NRS 128.090(1) (providing that "the court shall proceed to hear the petition" within the time stated in the notice of hearing). Further, there is no other statute outside of NRS Chapter 128 authorizing the use of masters in actions to terminate parental rights. Thus, because the master lacked the authority to preside over the parental rights termination hearing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for a new hearing on the termination of parental rights petition consistent with this order.[1]

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc:   Hon. Charles J. Hoskin, District Judge, Family Court Division
      Joyce E.B.
      Legal Aid Center of Southern Nevada, Inc.
      Clark County District Attorney/Juvenile Division
      Eighth District Court Clerk

_____

[1]In light of this order, we conclude it is unnecessary to decide appellant's remaining contentions and no action is necessary in regard to appellant's October 16, 2017, letter.

SUPREME COURT
OF
NEVADA

(O) 1947A