142 Nev., Advance Opinion 21

IN THE SUPREME COURT OF THE STATE OF NEVADA

VEGAS AQUA, LLC, A/K/A LAKE LAS VEGAS WATER SPORTS,
Appellant,
vs.
JUPITOR CORP.,
Respondent.

No. 89341

**FILED**

MAR 05 2026

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court judgment after a short trial. Eighth Judicial District Court, Clark County; Tara Clark Newberry, Judge.

*Vacated and remanded.*

Avalon Legal Group LLC and Bryan Naddafi and Elena Nutenko, Las Vegas,
for Appellant.

Johnson & Gubler, P.C., and Matthew L. Johnson, Las Vegas,
for Respondent.

BEFORE THE SUPREME COURT, PICKERING, PARRAGUIRRE, and BELL, JJ.

*OPINION*

By the Court, PARRAGUIRRE, J.:

Under the Nevada Short Trial Rules (NSTR), short trial judges "have all the powers and authority of a district court judge except with respect to the final judgment." NSTR 3(d). Regarding the final judgment,

26-10358

short trial judges are to prepare proposed judgments for the district court to review and either approve or reject. *Id.* Proposed judgments that are approved by the district court become the final judgment of the matter.

This appeal examines whether the district court judge or the short trial judge is to adjudicate any objections to proposed judgments and subsequent NRCP 59 motions to alter or amend the judgment or for a new trial. The plain language of the rule requires that objections must be adjudicated by the district court. Reason and public policy lead us to similarly conclude that the district court must adjudicate NRCP 59 motions. Thus, the short trial judge here exceeded her authority by adjudicating an objection to the entry of judgment and a post-judgment motion to alter or amend, or for a new trial, under NRCP 59.

### FACTS AND PROCEDURAL HISTORY

In February 2020, appellant Vegas Aqua, LLC, and nonparty Anthony Rivera—a purported agent of respondent Jupitor Corporation—entered into a Facilities Rental Agreement. In return for payment, Vegas Aqua agreed to provide a yacht for an event being planned by Rivera, purportedly on Jupitor's behalf. The event was scheduled for April 2020. Shortly after the agreement was signed, Vegas Aqua received $18,280 from third-party Fiscal Group to cover the $10,785 deposit amount, with the excess acting as a down payment towards the outstanding rental fee. Due to the COVID-19 pandemic, Rivera ultimately canceled the event and requested a refund of the $18,280 payment. Vegas Aqua did not issue a refund. Jupitor initiated the underlying lawsuit, suing under theories of unjust enrichment, money due and owing, breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud.

After mandatory arbitration resulted in an award in favor of Jupitor, Vegas Aqua requested a trial de novo, and the case was directed to Nevada's Short Trial Program. Following a short trial, the short trial judge rendered her proposed judgment awarding $18,280 to Jupitor under theories of unjust enrichment and money due and owing. Vegas Aqua then filed an objection to the entry of judgment. The short trial judge was uncertain whether to rule on the objection and sought advice from the Alternative Dispute Resolution (ADR) Office. The ADR Office instructed the short trial judge to rule on the objection. The short trial judge filed an order denying the objection, and the district court subsequently filed its Judgment on Decision by the Court, approving the short trial judge's proposed judgment and entering judgment in Jupitor's favor.

Vegas Aqua then filed an NRCP 59 motion to alter or amend the judgment, or for a new trial, arguing, in part, that the short trial judge exceeded her authority to adjudicate its objection under NSTR 3(d). The short trial judge once again sought advice from the ADR Office on whether to rule on the NRCP 59 motion. The ADR Office instructed the short trial judge to rule on the motion, and the short trial judge issued an order denying Vegas Aqua's NRCP 59 motion. In that order, the short trial judge amended and added to the findings made in her original proposed judgment.

Vegas Aqua now appeals, arguing that the short trial judge exceeded her authority established under NSTR 3(d) by adjudicating the objection to the entry of judgment and the NRCP 59 motion. Specifically, Vegas Aqua argues the plain language of NSTR 3(d) requires objections to the proposed judgment and NRCP 59 motions to be considered and adjudicated by the district court, rather than the short trial judge.

Supreme Court
of
Nevada

(O) 1947A

3

## DISCUSSION

As a preliminary matter, Jupitor claims that Vegas Aqua failed to preserve its challenges relating to the short trial judge's authority. We thus review Jupitor's waiver argument before reaching the merits of Vegas Aqua's challenge.

*Vegas Aqua preserved its claim*

Jupitor argues that because the district court served written notice of the judgment on May 1, 2024, Vegas Aqua's motion to alter or amend containing its argument pertaining to the short trial judge's authority was untimely filed on May 31, 2024, two days beyond the 28-day period provided in NRCP 59(b). Jupitor therefore asserts that Vegas Aqua waived its argument on appeal. Vegas Aqua contends that the district court entered *judgment* on May 1, 2024, but the *notice of entry of judgment* was filed by Jupitor on May 3, 2024, and therefore the motion was timely.

Because the Nevada Rules of Civil Procedure apply to short trials, *see* NSTR 1(c), we begin our analysis there. NRCP 58(c) provides that when a signed judgment is filed with the clerk of the court, it "constitutes the entry of the judgment." The entry of judgment differs from the notice of entry of judgment, which must be filed "[w]ithin 14 days after entry of a judgment or an order" by a party designated by the court or by any other party if one is not designated. NRCP 58(e)(1). A motion to alter or amend, or for a new trial, "must be filed no later than 28 days after service of written notice of entry of judgment." NRCP 59(b), (e).

Thus, the timeliness of an NRCP 59 motion depends on the date of service of the notice of entry. The date when the judgment is entered is irrelevant for purposes of the timeliness of an NRCP 59 motion. Jupitor filed and served the notice of entry of judgment on May 3, 2024. Vegas

SUPREME COURT
OF
NEVADA

(O) 1947A

4

Aqua's NRCP 59 motion was filed on May 31, 2024, within the 28-day time frame prescribed by NRCP 59. Accordingly, Vegas Aqua timely filed its NRCP 59 motion. Thus, Vegas Aqua's arguments regarding the short trial judge's authority are not waived on appeal.

*The short trial judge's authority under NSTR 3(d)*

The short trial judge, upon advice from the ADR Office, adjudicated Vegas Aqua's objection to the entry of judgment and NRCP 59 motion. Because Vegas Aqua challenges each of the short trial judge's rulings separately, we will discuss how the short trial judge's authority relates to each pleading in turn.

*Standard of review*

A short trial judge's authority is prescribed by the NSTR and implicates questions of statutory interpretation, which we review de novo. *See Casey v. Wells Fargo Bank, N.A.*, 128 Nev. 713, 715, 290 P.3d 265, 267 (2012) ("Court rules, when not inconsistent with the Constitution or certain laws of the state, have the effect of statutes." (quoting *Margold v. Eighth Jud. Dist. Ct.*, 109 Nev. 804, 806, 858 P.2d 33, 35 (1993))). "If a statute is clear and unambiguous, we give effect to the plain meaning of the words, without resort to the rules of construction." *Vanguard Piping Sys., Inc. v. Eighth Jud. Dist. Ct.*, 129 Nev. 602, 607, 309 P.3d 1017, 1020 (2013) (interpreting NRCP 16.1(a)(1)(D)). However, if the statute's language is subject to more than one reasonable interpretation, it is ambiguous, and we may look to reason and public policy for guidance in our interpretation. *Barbara Ann Hollier Tr. v. Shack*, 131 Nev. 582, 588-89, 356 P.3d 1085, 1089 (2015) (interpreting NRCP 54(d)(2)(B)).

*Objections to the entry of judgment*

Vegas Aqua argues the plain language of NSTR 3(d)(3) reserves for the district court the authority to adjudicate objections to a proposed judgment. Therefore, Vegas Aqua asserts that the short trial judge exceeded her authority by ruling on Vegas Aqua's objection to the entry of judgment. Jupitor claims that the short trial judge was justified in adjudicating the objection under the advice of the ADR Office and the authority granted by NSTR 3(d).

We start with the relevant language of NSTR 3(d):

While presiding over a case that is in the Short Trial Program, the short trial judge shall have all the powers and authority of a district court judge except with respect to the final judgment. A final judgment is one that finally resolves all claims against all parties to the action and leaves nothing for the short trial judge's future consideration except for post-judgment issues such as attorney fees and costs.

. . . .

(3) After reviewing the proposed judgment and any objection to the proposed judgment, the district court shall:

(A) approve the proposed judgment, in whole or in part; or

(B) reject the proposed judgment, in whole or in part, and order such relief as may be appropriate.

NSTR 3(d) plainly and unambiguously provides that objections to the proposed judgment are to be reviewed by the district court. NSTR 3(d)(3) states that "[a]fter reviewing the proposed judgment *and any objection* to the proposed judgment, the district court shall" either approve or reject the proposed judgment. (Emphasis added.) While the rule does not expressly

state that the district court shall *adjudicate* such objections, it leaves no discretion for short trial judges to resolve any such objections. Therefore, we conclude that the plain language of NSTR 3(d) requires that the district court—and not the short trial judge—review and adjudicate any objections to the proposed judgment.

The short trial judge's order denying Vegas Aqua's objection was filed after the proposed judgment but before the district court's entry of judgment. The district court did not explicitly rule on Vegas Aqua's objection, and it is unclear whether the district court considered the objection. In the judgment, the district court concluded, "there is no just reason for delay of entry of final judgment" and that the district court was "fully advised of the matter." Although the language in the district court's judgment may imply that the district court considered the objection before accepting the proposed judgment, we cannot be certain. Given that the short trial judge exceeded her authority by reviewing and adjudicating the objection, and the uncertainty as to whether the district court considered the objection, we vacate the district court's judgment and direct the district court on remand to consider the objection consistent with the plain language of NSTR 3(d).

*NRCP 59 motion to alter or amend the judgment, or for new trial*

Vegas Aqua and Jupitor provide competing interpretations of the scope of the short trial judge's authority conferred by NSTR 3(d). Vegas Aqua argues that an NRCP 59 motion to alter or amend the judgment, or for new trial, directly challenges the validity of the final judgment; thus, the "except with respect to the final judgment" language of NSTR 3(d) precludes the short trial judge's review of such motion. Vegas Aqua further asserts that the "except for post-judgment issues such as attorney fees and costs"

language in NSTR 3(d) reserves resolution of post-judgment motions for attorney fees and costs to short trial judges but not NRCP 59 motions that seek to change or vacate the final judgment. Conversely, Jupitor interprets NSTR 3(d) as giving short trial judges the same authority as a district court judge with the exception of entering the final judgment in the case.

More than one reasonable interpretation of NSTR 3(d) exists with respect to the adjudication of NRCP 59 motions. Because each party presents a reasonable interpretation of the underlying language, we turn to reason and public policy to effectuate the rule's intent.

Reason leads us to conclude that adjudication of an NRCP 59 motion is included under the "except with respect to the final judgment" language of NSTR 3(d). In the context of tolling motions, the United States Ninth Circuit Court of Appeals has reasoned that motions pursuant to FRCP 59, the federal equivalent to NRCP 59, suspend the finality of a district court's judgment for appellate purposes. *See Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005); *Torremoro v. Eighth Jud. Dist. Ct.*, 138 Nev. 578, 580, 512 P.3d 765, 768 (2022) ("Federal cases interpreting the Federal Rules of Civil Procedure are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts." (quoting *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002))). Thus, the disposition of an NRCP 59 motion would reinstate the finality of the original entry of judgment—which, per NSTR 3(d) only the district court can enter—and finally resolve all claims against all parties to the action. *See Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 688 (6th Cir. 2005) ("[T]he disposition of the Rule 59(e) motions [to alter or amend the judgment] is an order or ruling that reinstates the finality of the original entry of judgment

SUPREME COURT
OF
NEVADA

(O) 1947A

8

and a ruling that makes the underlying judgment appealable."). This would necessarily leave nothing for the short trial judge's future consideration. *See* NSTR 3(d).

The circumstances here further support that adjudication of NRCP 59 motions by the district court is the more reasonable process. In the order denying Vegas Aqua's NRCP 59 motion, the short trial judge amended her findings of fact and conclusions of law in response to the arguments raised, changing her original proposed judgment. This occurred *after* the district court had approved the proposed judgment. Especially problematic here, many of the post-judgment amendments and additions to the proposed judgment concern substantive issues raised in the instant appeal. For a proposed judgment to become effective, however, it must be "expressly approved by the district court as evidenced by the signature of the district court judge." NSTR 3(d)(4). There is no indication that the district court approved the amended findings made by the short trial judge after the proposed judgment had already been approved. While NRCP 59(a)(2) permits such amendments, the short trial judge's resolution of the motion undermined the finality of the district court's judgment and created challenges for appellate review in that it is not clear whether the amended findings and conclusions—which were not approved by the district court— are proper to review on appeal. Thus, it is the more reasonable interpretation that the district court has authority to consider and rule on NRCP 59 motions, as those motions seek to disturb the final judgment.

Public policy also supports having the district court adjudicate NRCP 59 motions. The short trial judge's ability to amend or add to the final judgment would undermine the role of the district court and could, as shown by the circumstances of this case, diminish the significance of the

SUPREME COURT
OF
NEVADA

(O) 1947A

9

district court's required approval of the judgment. While the Short Trial Program's purpose "is to expedite civil trials," *see* NSTR 1(a), the program stresses the importance of the district court's review, *see* NSTR 3(d)(3), (4). The district court's adjudication of NRCP 59 motions would protect the finality of the judgment and ensure meaningful review.

Jupitor argues that this court acknowledged a short trial judge's decision to adjudicate an NRCP 59 motion in *O'Neal v. Hudson*, 133 Nev. 209, 394 P.3d 1220 (2017), and thus should continue to allow short trial judges to adjudicate such motions. However, our analysis in *O'Neal* was unrelated to the question of a short trial judge's authority to resolve post-judgment motions, and our purported acknowledgment of the short trial judge's adjudication merely constitutes dicta. *See id.* at 210, 394 P.3d at 1221. Dicta from a case that confronted issues unrelated to the authority of the short trial judge is not controlling and has no effect on our conclusions here. *See St. James Vill., Inc. v. Cunningham*, 125 Nev. 211, 216, 210 P.3d 190, 193 (2009) ("Dictum is not controlling.").

## *CONCLUSION*

In sum, the short trial judge exceeded the authority delegated under the Short Trial Program by adjudicating Vegas Aqua's objection and NRCP 59 motion. The plain language of NSTR 3(d) requires district courts to adjudicate objections to proposed judgments, and reason and public policy support our conclusion that NSTR 3(d) likewise requires district courts to adjudicate NRCP 59 motions. Based on these conclusions, we need not reach the remaining issues raised on appeal. Accordingly, we vacate the district court's judgment on decision and the short trial judge's orders denying Vegas Aqua's objection and denying Vegas Aqua's NRCP 59 motion

to alter or amend the judgment, or for new trial, and remand this matter to the district court for further proceedings consistent with this opinion.

_____, J.
Parraguirre

We concur:

_____, J.
Pickering

_____, J.
Bell