**Electronically Filed
Supreme Court
SCWC-16-0000784
09-OCT-2018
08:03 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

BRIAN E. BENNETT and DEBRA S. BENNETT,
Respondents/Plaintiffs-Appellees-Cross-Appellants,

vs.

SAMUEL JONG HOON CHUNG and LINDA HYUNKONG CHUNG,
Petitioners/Defendants-Appellants-Cross-Appellees.

SCWC-16-0000784

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000784; CIVIL NO. 11-1-0882)

OCTOBER 9, 2018

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY NAKAYAMA, J.

After an arbitrator issues an arbitration award, parties to the arbitration proceeding may file motions to confirm or to vacate the award in court. Generally, a party must file a motion to vacate an arbitration award within ninety days after it

receives notice of the award. Hawai‘i Revised Statutes (HRS) §
658A-23 (Supp. 2001). On the other hand, a party may file a
motion to confirm the award at any time after receiving notice of
the award. HRS § 658A-22 (Supp. 2001). This case presents two
related questions involving these provisions: first, whether the
time to file a motion to vacate an arbitration award is limited
by the opposing party's filing of a motion to confirm; and
second, how an order denying a motion to vacate an arbitration
award can be properly appealed.

In this case, Respondents/Plaintiffs-Appellees-Cross-
Appellants Brian E. Bennett and Debra S. Bennett (collectively,
"the Bennetts"), after receiving notice of an arbitrator's award
in their favor, filed a motion to confirm the award in the
Circuit Court of the First Circuit (circuit court). Before the
ninety-day period in which Petitioners/Defendants-Appellants-
Cross-Appellees Samuel Jong Hoon Chung and Linda Hyunkong Chung
(collectively, "the Chungs") could file a motion to vacate the
award had expired, the circuit court granted the Bennetts' motion
to confirm. The Chungs then filed a motion to vacate the award
within the ninety-day period. The circuit court denied their
motion to vacate, and the Chungs appealed the judgment of
confirmation and the order denying the motion to vacate. The
Intermediate Court of Appeals (ICA) dismissed the Chungs' appeal

after they failed to file a jurisdictional statement and opening brief.

Back in the circuit court, the Chungs filed a motion to amend the previous order denying their motion to vacate because they believed that the arbitration statute barred such orders from being appealed.  The circuit court agreed, and amended its order to "again confirm" the award to allow the Chungs to appeal.  However, the ICA dismissed the Chungs' subsequent appeal for lack of appellate jurisdiction.  On certiorari, the Chungs argue that the ICA erred in dismissing their appeal.

We agree.  As a preliminary matter, the Chungs could not have appealed from the circuit court's first order denying their motion to vacate the award because HRS Chapter 658A does not permit appeals from such orders.  Therefore, the circuit court properly amended its order and judgment and reconfirmed the award to allow the Chungs to appeal.  Second, because HRS § 658A-23 clearly provides that the Chungs had ninety days, not less, to file a motion to vacate, and they filed a motion to vacate within that period, the Chungs had a right to timely appeal from the circuit court's amended order and amended judgment.

We conclude that the ICA has appellate jurisdiction to adjudicate the Chungs' appeal.  Accordingly, we vacate the ICA's August 8, 2017 Order Dismissing Appeal for Lack of Appellate

Jurisdiction and remand the case to the ICA to resolve the Chungs' appeal on the merits.

## I.   BACKGROUND

The Chungs and the Bennetts were involved in a dispute arising out of the sale of real property, and decided to resolve the dispute through arbitration.  On February 11, 2015, an arbitrator issued a final award that awarded the Bennetts money damages and attorneys' fees and costs.  On February 12, 2015, the Chungs were notified of the arbitrator's award by email.

## A.    Circuit Court Proceedings - Motion to Confirm

On February 17, 2015, five days after the Chungs were notified of the arbitrator's award, the Bennetts filed a motion in the circuit court[1] to confirm the arbitrator's award (Motion to Confirm) pursuant to HRS § 658A-22.[2]

On March 2, 2015, the Chungs filed a memorandum in opposition to the Motion to Confirm.  In their memorandum, the Chungs informed the circuit court that they "intend[ed] to file a motion to vacate under Section 658A-23 of the Hawaii Revised

---

[1]    The Honorable Karen T. Nakasone presided.

[2]    HRS § 658A-22 (Supp. 2001) provides:

> **Confirmation of award.**  After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

4

Statutes,[3] thus making the [Bennetts' Motion to Confirm] premature."  They further explained that under HRS § 658A-23(b), they "[had] a statutory right to file a motion to vacate by May 13, 2015."  The Chungs therefore requested "that the Court defer any decision on the [Bennetts' Motion to Confirm] until it can decide a motion to vacate on the merits."  The Chungs did not argue any issue on the merits or provide any substantive reason to deny the Bennetts' Motion to Confirm at that time.

A hearing was held on the Bennetts' Motion to Confirm on March 10, 2015, approximately one month after the Chungs received notice of the arbitration award.  At that time, the Chungs had not yet filed a motion to vacate the award.  At the hearing, the issue of whether the circuit court was required to

---

3       HRS § 658A-23 (Supp. 2001) provides in relevant part:

>       **Vacating award.**  (a) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if: [reasons].
>       (b) A motion under this section <u>shall be filed within ninety days after the movant receives notice of an award pursuant to section 658A-19</u> or within ninety days after the movant receives notice of a modified or corrected award pursuant to section 658A-20, unless the movant alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion shall be made within ninety days after the ground is known or by the exercise of reasonable care would have been known by the movant.
>
>               . . . .
>
>       (d) If the court denies a motion to vacate an award, it shall confirm the award unless a motion to modify or correct the award is pending.

(Emphasis added.)

wait to confirm the arbitration award until the Chungs filed a motion to vacate the award was discussed. First, the Chungs contended that confirming the award without waiting the requisite ninety days prejudiced them:

> [THE CHUNGS' COUNSEL:] I mean, we have 90 days. And what has happened here and I guess what you could do, according to the [Bennetts], if the award comes out, you just move to confirm the next day. And it forces a party on the other side like myself and the Chungs to, like, move fast on this. . . . I mean, I have the pieces, but I would like to put together a good motion to vacate and, I mean, I can't do that to beat this motion, and I don't think the way the statute is written it's intended to do that. And I think what the Court should do is just delay this decision on this motion until the motion to vacate is filed. . . .
> THE COURT: Okay. But they did move fast . . . to confirm, but the award is issued February 11th, right? Motions [sic] filed six days late, February 17th. The hearing is today, so you had about 30 days to file.
> [THE CHUNGS' COUNSEL:] Yes. Yes. And I have sixty more days to file. It is not my intent, Your Honor, to delay until the 90 day. . . . I mean, conversely, if the Court says, "I confirm now," then the statutory right to move to vacate is meaningless. And all I'm asking for, Your Honor, is time within that statutory period to get the motion filed there and heard, and then the Court can decide.

The Bennetts argued that any court order confirming the award at that time would not hamper the rights of the Chungs to file a motion to vacate in the future:

> [A]s I read the law, the rights of the defendant or respondent in this matter are not abridged by the Court granting the motion to affirm. If [the Chungs bring] a motion which identifies a valid basis, legal and factual, upon which the Court concludes that vacating the award is appropriate under the circumstances, the Court will vacate and that will terminate and seize whatever benefits we have. . . . But I'm entitled to by –- we're –- for 658-22 says, "shall" not "may." This is one of those kinds of rules are black and white [sic]. And so I'm entitled to the affirmation of the award today without prejudice to whatever [the Chungs' counsel] thinks he has or doesn't have.

In response, the Chungs' counsel argued that in the interest of

judicial economy, it would be better for the circuit court to wait to rule on the Bennetts' Motion to Confirm until the Chungs filed their motion to vacate, even if no motion to vacate was currently pending. Specifically, the Chungs' counsel voiced his concern that an order granting the Bennett's Motion to Confirm would trigger appellate deadlines that would differ from the deadlines triggered by a subsequent order on the Chungs' motion to vacate.

While acknowledging the Chungs' argument regarding judicial economy, the circuit court nevertheless concluded:

> [T]he court is guided by 658-22. And, to me, it's very clear that it requires me [sic]. It says, "shall issue a confirming order unless the award is modified or corrected pursuant to those sections or is vacated pursuant to Section 658A-23.["]
> The award was issued February 11th. The motion was filed February 17th. The hearing is set today. [The Chungs] had about 30 days to file. If a motion to vacate had been filed and was currently pending before the Court, then I –- it would be very clear to me that I would look, also, to 658A-23. And at that point the concerns of judicial economy would, to me, seem to dictate that there just be one hearing on both motions. But at this point the motion to vacate is being discussed just purely in hypothetical terms and it has not been filed yet, although [the Chungs] have represented that they are going to file one.
> Given my reading of 658-22, the Court's –- my decision is going to be to grant the confirmation of the award. I think I'm constrained by this particular section which I agree with the movants is very clear that I shall issue the confirming order. So for those reasons and other reasons indicated in the moving papers, the Court is going to grant the motion.

On April 6, 2015, the circuit court entered a written order granting the Bennetts' Motion to Confirm (Order Granting Motion to Confirm), and a final judgment (Judgment of

7

Confirmation) in favor of the Bennetts. The Chungs did not appeal the Order Granting Motion to Confirm or the Judgment of Confirmation.

## B. Circuit Court Proceedings and First Appeal - Motion to Vacate

On May 13, 2015, the Chungs filed, within the statutory ninety-day window provided by HRS § 658A-23(b), a motion to vacate the arbitration award (Motion to Vacate).[4] Therein, the Chungs' alleged evident partiality by the arbitrator. The Bennetts filed a memorandum in opposition to the Chungs' Motion to Vacate and challenged the Chungs' claims regarding the arbitrator's evident partiality.

The circuit court held a hearing on the Chungs' Motion to Vacate on June 26, 2015. At the hearing, the parties disputed whether the arbitrator demonstrated evident partiality. At the conclusion of the hearing, the circuit court orally denied the Chungs' Motion to Vacate. Specifically, the circuit court stated that it was not persuaded that the arbitrator demonstrated evident partiality and case law was "very clear that the Court's role is not to second-guess the arbitrator's award."

On July 22, 2015, the circuit court entered a written order denying the Motion to Vacate (Order Denying Motion to

---

[4] The ninety-day window closed on May 13, 2015, ninety days after the Chungs received notice of the arbitrator's final award.

8

Vacate).

The Chungs filed a notice of appeal from the April 6, 2015 Judgment of Confirmation and the July 22, 2015 Order Denying Motion to Vacate. The Chungs subsequently did not file a jurisdictional statement or opening brief. However, on November 2, 2015, in response to the Bennetts' motion to dismiss, the Chungs filed a memorandum noting that "there may be a jurisdictional issue." Specifically, the Chungs stated that "an appeal does not lie from an order denying a motion to vacate an arbitration award," and cited HRS § 658A-28 (Supp. 2001).[5] Therefore, the Chungs concluded that the way to properly appeal the circuit court's Order Denying Motion to Vacate was "to have the trial court enter an amended judgment, such that an appeal can be taken which would be sanctioned by the statute[.]"

On December 23, 2015, the ICA dismissed the Chungs' appeal pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP)

---

[5]     HRS § 658A-28 (Supp. 2001) provides:

> **Appeals.** (a) An appeal may be taken from:
> (1)   An order denying a motion to compel arbitration;
> (2)   An order granting a motion to stay arbitration;
> (3)   An order confirming or denying confirmation of an award;
> (4)   An order modifying or correcting an award;
> (5)   An order vacating an award without directing a rehearing; or
> (6)   A final judgment entered pursuant to this chapter.
> (b)   An appeal under this section shall be taken as from an order or a judgment in a civil action.

Rule 30[6] because the Chungs did not timely file a jurisdictional statement or opening brief, and did not otherwise respond to the subsequent notice of default.

## C. Circuit Court Proceedings of the Instant Appeal

On August 15, 2016, eight months after the ICA dismissed the Chungs' first appeal, the Chungs filed a motion to enter an amended judgment in the circuit court "in order to appeal the denial of their motion to vacate arbitration award" (Motion to Amend). In their Motion to Amend, the Chungs stated that they believed they could not have appealed the circuit court's Order Denying Motion to Vacate, because denials of motions to vacate are not appealable orders under HRS § 658A-28. Therefore, they requested that an amended judgment be entered so that a proper appeal could be taken.

On September 22, 2016, the circuit court held a hearing on the Chungs' Motion to Amend. At the hearing, the Bennetts conceded that the Chungs' Motion to Vacate was timely. However, the Bennetts appeared to argue that because the circuit court granted their Motion to Confirm, it also ruled on any motion to

---

[6]    HRAP Rule 30 (2015) provides in relevant part:

> When the brief for appellant is not filed within the
> time required, the appellate clerk shall forthwith give
> notice to the parties that the matter will be called to the
> attention of the appellate court on a day certain for such
> action as the appellate court deems proper and that the
> appeal may be dismissed.

vacate at that time:[7]

> [THE BENNETTS' COUNSEL:] But the idea that there's a second different, dispositive, segregable set of facts and law that would entitle [the Chungs] to separate and different legal rights is simply incorrect. The fact that [the Chungs' counsel] has -- that he has to file -- if we had filed nothing and he filed his motion in 90 days and then there was a motion to confirm afterwards, it would have been fine. But the courts would have considered the motion to confirm and reserved the motion to vacate, considered exactly the same set of facts and law, and if it didn't, it's because [the Chungs' counsel] didn't bring that information to the court's attention when the motion to confirm was argued and briefed. . . .
> THE COURT: He had 90 days to file his motion to vacate.
> [THE BENNETTS' COUNSEL:] Which he did.
> THE COURT: Yeah.
> [THE BENNETTS' COUNSEL:] But I've never said his motion to vacate was untimely. I'm saying that the motion to vacate is the other side of the motion to confirm, the two are identical sets of facts and law.

The Chungs' counsel disputed that the facts and law on which a party might rely in a motion to confirm were the same as the facts and law in a motion to vacate:

> So when [the Bennetts' counsel] said this is the different side of the same coin, it is not the different side of the same coin. They're two different things. Because I can put together a petition to confirm an arbitration award in half an hour. I cannot put together a motion to vacate that fast. And that's why I asked for the abeyance, to hold it in abeyance, to give me what the legislature gave me, which was the 90 days, in order to prepare and present the motion to vacate, which is different, qualitatively different. And if the legislature said, oh, you know what, if a petition to confirm comes a couple days after the award is issued, well, you're out of luck then. We don't -- this 90-day thing is just out the window. Legislature's not saying that. They're saying, here is the time you got to test the award. And no one's saying I didn't do that right. I did.

---

[7] This position appears to be contrary to the one the Bennetts held in the previous hearing on the Motion to Confirm, where the Bennetts' counsel stated that "the rights of [the Chungs] . . . are not abridged by the Court granting the motion to affirm."

The Chungs further argued that this court's decision in Salud v. Financial Security Insurance Co., 69 Haw. 427, 430, 745 P.2d 290, 293 (1987), provided the means in which a party could appeal an order denying a motion to vacate an arbitration award.

On October 25, 2016, the circuit court filed an Amended Order Denying Defendants' Motion to Vacate Arbitration Award (Amended Order). In amending its previous Order Denying Motion to Vacate, the circuit court explained:

> 5. The nonappealability of an order denying a motion to vacate is consistent with case law. In [Salud],the Hawaii Supreme Court interpreted the predecessor Chapter 658, which also did not provide for a direct appeal of an order denying a motion to vacate an arbitration award.
>
> 6. The Salud Court, however, noted that the lack of a statutory right to appeal a denial of a motion to vacate, did not mean that such orders could never be reviewed. . . .
>
> 7. Salud's holding that "a confirmation should follow" a court's denial of a motion to vacate award, is consistent with the current pertinent provision contained in HRS § 658A-23(d).
>
> 8. HRS § 658-23, entitled "Vacating award," governs a motion to vacate an award. Subsection (d) states "[i]f the court denies a motion to vacate an award, it shall confirm the award unless a motion to modify or correct the award is pending." This means that a court must confirm an award following a denial of a motion to vacate an award.
>
> 9. In this case, this court did not confirm the award after denying the motion to vacate, as required by HRS § 658A-23(d).
>
> 10. Because the award had already been confirmed prior to the filing of the motion to vacate award, it did not occur to the court, nor to any of the parties, that the award should be confirmed again, to strictly follow the dictates of HRS § 658A-23(d).
>
> 11. This court's failure to confirm the award after the denial of the motion to vacate as HRS § 658A-23(d) requires, however, has rendered the order denying the motion to vacate herein, unappealable under HRS § 658A-28.

12

12. This court agrees with [the Chungs], that under the unique procedural circumstances of this case, [the Chungs] should be afforded relief in the form of an amended judgment upon which [the Chungs] can exercise their right to appeal. The court concludes such relief is warranted under [Hawaiʻi Rules of Civil Procedure] HRCP Rule 60(a), (b)(1), and (b)(6),[8] HRS § 658A-23(d), and Salud, supra.

13. An Awarded [sic] Order and Judgment confirming the award, and denying the motion to vacate should have been entered following the court's denial of the motion to vacate, under HRS § 658A-23(d).

(Emphases in original.)

Accordingly, the Amended Order stated:

For the reasons set forth supra and the reasons set forth in [the Chungs'] submissions, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
The Order [Denying Motion to Vacate] is amended to also order that the arbitration award is again confirmed after the denial of the motion to vacate the arbitration award. Thus, the last sentence of the Order [Denying Motion to Vacate] is amended as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion is hereby DENIED, and the arbitration award, dated February 11, 2015, is again CONFIRMED.

An amended judgment was also entered on October 25, 2016 (Amended Judgment).

The Chungs, believing that they finally had an appealable order, timely filed a notice of appeal on November 4, 2016 from the circuit court's Amended Order and Amended Judgment. The Bennetts filed a notice of cross-appeal.

---

8     HRCP Rule 60(b) (2006) allows courts to "relieve a party or a party's legal representative from a final judgment, order, or proceeding" for reasons such as: "(1) mistake, inadvertence, surprise or excusable neglect;" or "(6) any other reason justifying relief from the operation of the judgment."
     "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."  HRCP Rule 60(b).

13

**D.    ICA Proceedings**

The Chungs raised one point of error on appeal: whether the trial court erred in denying their Motion to Vacate because of the evident partiality of the arbitrator.  On April 10, 2017, the Bennetts filed an answering brief responding to the merits of the Chungs' opening brief.[9]

On August 8, 2017, the ICA dismissed the Chungs' appeal for lack of appellate jurisdiction for two reasons.  First, the ICA held that the Chungs failed to "timely" file a motion to vacate the award (and/or failed to timely appeal the circuit court's original Order Granting Motion to Confirm).  Second, the ICA determined that the Chungs defaulted on their first appeal when they did not file a jurisdictional statement or opening brief, and the circuit court's Amended Judgment did not cure the default.

With respect to the timeliness of the Motion to Vacate, the ICA held that while HRS § 658A-23(b) provides that a motion to vacate an arbitration award shall be filed within ninety days, "[t]he Chungs were not entitled to assume that they had the full ninety day period to file their Motion to Vacate."  For support, the ICA cited a Texas Court of Appeals case, <u>Hamm v. Millennium</u>

_____

[9]    On March 1, 2017, the Bennetts also filed an opening brief in their cross-appeal, alleging that the trial court erred in entering its Amended Order and Amended Judgment.

14

Income Fund, L.L.C., 178 S.W.3d 256, 264-65 (Tex. App. 2005), which construed a similarly worded statutory provision and held that the ninety-day period was the maximum, and not the absolute, period upon which a losing party may rely to vacate an arbitration award. Therefore, the ICA concluded that "[w]hen the Bennetts filed their Motion to Confirm within a week of the arbitrator's issuance of the Final Award, it was incumbent on the Chungs to oppose the Motion to Confirm and/or to file their Motion to Vacate." Additionally, the ICA stated that the Chungs could have appealed the circuit court's April 6, 2015 Order Granting Motion to Confirm or the April 6, 2015 Judgment of Confirmation, but did not do so.

With respect to the Chungs' ability to appeal the Amended Judgment, the ICA held that even if it were to consider the Chungs' Motion to Vacate as a post-judgment motion under HRCP Rule 60(b), the Chungs defaulted on their first appeal from the Order Denying Motion to Vacate because they failed to file a jurisdictional statement and an opening brief.

Under these circumstances, the ICA concluded that the Chungs "were not entitled to the entry of an Amended Judgment." It noted that the Amended Judgment itself "did not change the substance of the Circuit Court's April 6, [2015], Judgment [of Confirmation] or its Order Denying Motion to Vacate but was

15

entered for the sole purpose of giving the Chungs another chance to appeal the Circuit Court's prior decisions." The ICA stated that a trial court could not restart the time period to appeal by filing an amended judgment that did not "amend a prior judgment in a material and substantial respect." (Citing Korsak v. Hawaii Permanente Med. Grp., 94 Hawaiʻi 297, 304, 12 P.3d 1238, 1245 (2000).) Therefore, the ICA concluded that "the Amended Judgment did not restart the time period for appeal," making the Chungs' appeal and the Bennetts' cross-appeal untimely. Accordingly, the ICA dismissed the appeal and cross-appeal for lack of appellate jurisdiction.

On October 9, 2017, the Chungs filed an application for writ of certiorari.[10]

## II. STANDARDS OF REVIEW

### A. Jurisdiction

We are empowered "[t]o hear and determine all questions of law, or of mixed law and fact, which are properly before [us] on any appeal allowed by law from any other court or agency." Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986) (alterations in original) (emphasis omitted) (citing HRS § 602-

---

[10] The Bennetts did not file an application for writ of certiorari challenging the ICA's decision to dismiss their cross-appeal for lack of appellate jurisdiction. Therefore, the arguments raised in their cross-appeal are not at issue here.

16

5(1) (Supp. 1984)).

> Moreover, it is axiomatic that we are under an obligation to ensure that we have jurisdiction to hear and determine each case and to dismiss an appeal on our own motion where we conclude we lack jurisdiction. When we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Id. (citations and quotations omitted).

## B.    Statutory Interpretation

"The interpretation of a statute is a question of law reviewable de novo." Gray v. Admin. Dir. of the Court, 84 Hawaiʻi 138, 144, 931 P.2d 580, 586 (1997) (citing State v. Arceo, 84 Hawaiʻi 1, 10, 928 P.2d 843, 852 (1996)). Furthermore, this court's statutory construction is guided by established rules:

> When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

Id. at 148, 931 P.2d at 590 (citations and quotations omitted) (quoting State v. Toyomura, 80 Hawaiʻi 8, 18-19, 904 P.2d 893, 903-04 (1995)).

### III. DISCUSSION

The Chungs present one question on certiorari: "[w]hether the ICA erred by ruling that the ninety day period in which to move to vacate an arbitration award, as provided by [HRS § 658A-23(b)], does not provide for ninety days to move to vacate

17

the award."  The Chungs argue that the plain language of HRS §
658A-23(b) gives them a full ninety days, not less, to file a
motion to vacate an arbitration award.  The Bennetts counter that
because the Chungs failed to file a jurisdictional statement and
opening brief in their appeal of the circuit court's Order
Denying Motion to Vacate, they "destroyed their appellate
jurisdiction."

Neither party appears to directly address the argument
raised by the other.  But their arguments, and the ICA's
reasoning in dismissing the Chungs' appeal, suggest that there
are two issues that must be resolved in determining whether the
ICA has appellate jurisdiction to decide this case.  The first
issue is whether an order denying a party's motion to vacate an
arbitration award is, by itself, an appealable order.  The second
is whether HRS § 658A-23(b) provides a moving party an entire
ninety days to file a motion to vacate an arbitration award.

**A.  An order denying a motion to vacate an arbitration award is not a final appealable order.**

In their response to the Chungs' application for writ
of certiorari, the Bennetts argue that court rules governing the
time to properly bring appeals bar the Chungs from appealing from
the circuit court's Amended Judgment.  The Bennetts note that the
Chungs filed an appeal from the Order Denying Motion to Vacate,

18

but failed to file a jurisdictional statement and opening brief, which led the ICA to dismiss their first appeal.  The Bennetts argue that the Chungs' purpose for pursuing an amended judgment was "to escape from their own mistakes, and not to correct any mistakes that may have been made by the Circuit Court."

Regarding amended judgments, this court has stated:

> The general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical . . . error, it does not affect the time allowed for appeal.

Korsak, 94 Hawai'i at 304, 12 P.3d at 1245 (ellipsis in original) (quoting Interstate Printing Co. v. Dep't of Revenue, 459 N.W.2d 519, 523 (Neb. 1990)).  Moreover, "[i]f the amendment for the purpose of correcting a 'clerical error' either materially alters rights or obligations determined by the prior judgment [or decree] or creates a right of appeal where one did not exist before, the time for appeal shall be measured from the entry of the amended judgment."  Id. (alterations in original) (emphasis added).

Here, the Bennetts argue that the circuit court's Amended Judgment did not change the previous judgment in any material or substantial respect.  Rather, they argue that the Amended Judgment "incorporated the Judgment [of Confirmation] 'in

19

its entirety . . . by reference.'"[11]  Therefore, the Bennetts contend that under Korsak, the Amended Judgment did not "substantially and materially alte[r] the original Judgment" and does not trigger a new time period for appeal.  (Citing 94 Hawaiʻi at 304, 12 P.3d at 1245.)

We disagree.  The Amended Order amended the circuit court's previous Order Denying Motion to Vacate in a "material and substantial respect."  See Korsak, 94 Hawaiʻi at 304, 12 P.3d at 1245.  This is so because the Chungs could not have appealed an order denying their Motion to Vacate, and the circuit court's subsequent order that "again confirmed" the award created a right of appeal where one did not exist before.  Id.

We have previously concluded that an order denying a motion to vacate an arbitration award is not appealable.  See Salud, 69 Haw. at 430, 745 P.2d at 292-93.  In Salud, this court examined the appeal provision in the predecessor arbitration statute to HRS Chapter 658A, which read, "an appeal may be taken from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action, otherwise no appeal may be had."  HRS § 658-15 (1972) (emphasis added).  We concluded that HRS § 658-15 "proclaim[ed] . . . in unmistakable

_____

[11]    This is incorrect.  The Amended Judgment incorporated the October 25, 2016 Amended Order by reference, not the April 6, 2015 Judgment of Confirmation.

20

terms" that an order denying a motion to vacate was not appealable.  <u>Salud</u>, 69 Haw. at 430, 745 P.2d at 292-93.

But this court then described how a denial of a motion to vacate could properly be appealed:

> Still, this does not mean that the <u>denial</u> of a motion to vacate an award by the circuit court necessarily forecloses an appeal sanctioned by HRS § 658-15.  The unsuccessful movant's recourse would then be a motion to confirm the award.  Since the circuit court has already reviewed the award and decided no grounds exist for vacating it, a confirmation should follow.

<u>Id.</u> at 430, 745 P.2d at 293 (emphasis in original).  In other words, we instructed that a denial of a motion to vacate an arbitration award should be followed by an order confirming an award, which was appealable.  <u>See</u> HRS § 658-15 (1972).

While the <u>Salud</u> court interpreted a predecessor to the current arbitration statute, that instruction nevertheless applies here, because HRS Chapter 658A similarly bars an appeal from an order denying a motion to vacate.  HRS § 658A-25(a) (Supp. 2001) provides, "[u]pon granting an order confirming, vacating without directing a hearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith." Furthermore, HRS § 658A-28(a) lists the orders in which appeals may be taken:

> (1)   An order denying a motion to compel arbitration;
> (2)   An order granting a motion to stay arbitration;
> (3)   An order confirming or denying confirmation of an award;
> (4)   An order modifying or correcting an award;
> (5)   An order vacating an award without directing a

21

            rehearing; or
    (6)    A final judgment entered pursuant to this chapter.

HRS § 658A-28(a).  An order denying a motion to vacate an award

is not identified in HRS §§ 658A-25(a) or 658A-28(a) as an

appealable order.

        This indicates that just as the now-repealed HRS § 658-

15 (1972) barred appeals from a denial of a motion to vacate, so

does our current HRS Chapter 658A.  Accord Salud, 69 Haw. at 430,

745 P.2d at 292-93.  Accordingly, the Chungs could not have

appealed from the circuit court's Order Denying Motion to Vacate.

        But Salud presents the unsuccessful movant with a

solution.  We stated in Salud that after denying a motion to

vacate, the court should then confirm the award in order to allow

the losing party to appeal.  69 Haw. at 430, 745 P.2d at 293.

This instruction is codified today in HRS § 658A-23(d) (Supp.

2001), which states, "[i]f the court denies a motion to vacate an

award, it shall confirm the award unless a motion to modify or

correct the award is pending."

        While the circuit court admitted that it did not follow

Salud in the first instance when it failed to confirm the award

after denying the Chungs' Motion to Vacate, it subsequently

reconfirmed the award, which rendered the Amended Order

appealable.  See HRS § 658A-28(a) ("An appeal may be taken from:

. . . (3) An order confirming or denying confirmation of an

22

award[.]"). Because the circuit court's Amended Order "create[d] a right of appeal where one did not exist before," the Order Denying Motion to Vacate was "amended in a material and substantial respect." See Korsak, 94 Hawaiʻi at 304, 12 P.3d at 1245. Accordingly, "the time within which an appeal from such determination may be taken begins to run from the date of the amendment." Id.

Here, the date of the amendment was October 25, 2016. The Chungs' notice of appeal, filed on November 4, 2016, was therefore timely filed pursuant to HRAP Rule 4(a)(1). Therefore, the ICA erred in dismissing the Chungs' appeal on the basis that the Order Denying Motion to Vacate was not amended in a material and substantial respect.

**B.   HRS § 658A-23(b) gives the Chungs an entire ninety days to file a motion to vacate an arbitration award.**

HRS § 658A-23(b) provides that a motion to vacate an arbitration award

> shall be <u>filed within ninety days after the movant receives notice of the award</u> pursuant to section 658A-19 or within ninety days after the movant receives notice of a modified or corrected award pursuant to section 658A-20, unless the movant alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion shall be made within ninety days after the ground is known or by the exercise of reasonable care would have been known by the movant.

HRS § 658A-23(b) (Supp. 2001) (emphasis added). The Chungs contend that HRS § 658A-23(b) is clear and unambiguous, and that

23

"[it] means what it says; that is, a losing party has ninety days in which in [sic] move to vacate the arbitration award." The Chungs further argue that the ICA erred when it stated that "[t]he Chungs were not entitled to assume that they had the full ninety day period to file their Motion to Vacate."

We agree. The plain language of HRS § 658A-23 indicates that the Chungs had ninety days to file a motion to vacate the arbitration award, not less. Therefore, the ICA erred in dismissing their appeal on this basis as well.

The language of HRS § 658A-23(b) is clear -- a movant has ninety days after receiving notice of a final arbitration award to file a motion to vacate that award. Here, the Chungs received notice by email of the arbitration award in favor of the Bennetts on February 12, 2015. It is undisputed that the Chungs filed their Motion to Vacate on May 13, 2015, within the ninety-day period required by HRS § 658A-23.

However, the ICA relied on a Texas Court of Appeals decision, Hamm, 178 S.W.3d 256, to conclude that "[w]hen the Bennetts filed their Motion to Confirm within a week of the arbitrator's issuance of the Final Award, it was incumbent on the Chungs to oppose the Motion to Confirm and/or to file their Motion to Vacate." We believe the ICA's reliance on Hamm is misplaced.

24

The issue in <u>Hamm</u>, like the issue here, involved whether a losing party could file a motion to vacate an arbitration award after the trial court ruled on the motion to confirm. 178 S.W.3d at 258. The <u>Hamm</u> court concluded that the losing party could not. <u>Id.</u> at 272. The vacate provision of the Texas Arbitration Act (TAA) read, "[a] party must make an application under this section not later than the 90th day after the date of delivery of a copy of the award to the applicant." <u>Id.</u> at 262 (emphases omitted) (citing Tex. Civ. Prac. & Rem. Code Ann. § 171.088 (West 2005)). In evaluating Section 171.088, the <u>Hamm</u> court concluded that the ninety-day period to move to vacate an award "represents the maximum, not an absolute period upon which the challenging party may always rely." <u>Id.</u> at 264.

Specifically, the <u>Hamm</u> court stated that "if a party moves to confirm the arbitration award, then the party opposing the award may not 'idly stand by, allow the award to be confirmed and judgment thereon entered, and then move to vacate the award just as though no judgment existed.'" <u>Id.</u> at 265 (citing <u>The Hartbridge</u>, 57 F.2d 672, 673 (2d. Cir. 1932)). Therefore, the <u>Hamm</u> court held that a trial court need not wait the requisite ninety days before confirming the award, and that "the trial court had no discretion but to confirm the arbitration award if the [losing party] did not file a motion to vacate or to modify .

25

. . the award before the ruling on [the] motion to confirm."  Id. at 272.

But in coming to this conclusion, the Hamm court also noted that "[t]he scant case law on the issue conflicts," and made clear that "the only Texas authority on this issue necessitates today's holding."  Id. at 264 (citing City of Baytown v. C.L. Winter, Inc., 886 S.W.2d 515, 521 (Tex. App. 1994).  Moreover, the TAA was not modeled on the Uniform Arbitration Act (UAA).  Compare Tex. Civ. Prac. & Rem. Code Ann. § 171.088 (West 2005) with Unif. Arbitration Act § 23(b) (Unif. Law Comm'n 2000).

This makes the Texas Court of Appeals' reasoning in Hamm inapposite to the reasoning we must employ in this case, because the Legislature made clear when it amended our arbitration act in 2001 that it wished to "standardize Hawaii's arbitration laws . . . by replacing the current statutory chapter on arbitration and awards with the Uniform Arbitration Act."  See Conf. Comm. Rep. No. 115, in 2001 Senate Journal, at 905. Indeed, we previously recognized that "[t]he legislative history reflects that the legislature globally adopted the UAA 'to standardize Hawaii's arbitration laws with those used in other states . . . .'"  Daiichi Hawaiʻi Real Estate Corp. v. Lichter, 103 Hawaiʻi 325, 327 n.1, 82 P.3d 411, 413 n.1 (2003) (citing

26

Conf. Comm. Rep. No. 115, in 2001 Senate Journal, at 905), superseded on other grounds by statute, HRS § 658A-12, as recognized in Nordic PCL Const., Inc. v. LPIHGC, LLC, 136 Hawaiʻi 29, 44-45, 358 P.3d 1, 16-17 (2015).  Accordingly, HRS § 658A-23(b) (vacating award provision) mirrors UAA Section 23(b), and HRS § 658A-22 (confirming award provision) mirrors UAA Section 22.[12]

Because the Legislature intended to adopt the UAA wholesale, the comments to UAA Section 22 are particularly instructive, because they discuss the situation at issue here, i.e., what happens when a motion to confirm an arbitration award

---

[12]     Uniform Arbitration Act § 23(b) (Unif. Law Comm'n 2000) provides in relevant part:

> A [motion] under this section must be filed within 90 days after the [movant] receives notice of the award pursuant to Section 19 or within 90 days after the [movant] receives notice of a modified or corrected award pursuant to Section 20, unless the [movant] alleges that the award was procured by corruption, fraud, or other undue means, in which case the [motion] must be made within 90 days after the ground is known or by the exercise of reasonable care would have been known by the [movant].

(Alterations in original.)

     Uniform Arbitration Act § 22 (Unif. Law Comm'n 2000) provides in relevant part:

> After a party to an arbitration proceeding receives notice of an award, the party may make a [motion] to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to Section 20 or 24 or is vacated pursuant to Section 23.

(Alteration in original.)

is filed before a motion to vacate the award.  Comment 1 to UAA Section 22 states:

> Although a losing party to an arbitration has 90 days after the arbitrator gives notice of the award to file a motion to vacate under Section 23(b) or to file a motion to modify or correct under Section 24(a), <u>a court need not wait 90 days before taking jurisdiction if the winning party files a motion to confirm under Section 22</u>.  Otherwise the losing party would have this period of 90 days in which possibly to dissipate or otherwise dispose of assets necessary to satisfy an arbitration award.  If the winning party files a motion to confirm prior to 90 days after the arbitrator gives notice of the award, the losing party can either (1) file a motion to vacate or modify at that time or (2) <u>file a motion to vacate or modify within the 90-day statutory period</u>.

Unif. Arbitration Act § 22 cmt. 1 (Unif. Law Comm'n 2000) (emphases added).  The comment addresses two issues.  First, the comment permits courts to "take jurisdiction" of the award when a party files a motion to confirm, even if the requisite ninety days in which a motion to vacate can be filed has not yet elapsed.  <u>Id.</u>  However, the comment also ensures that losing parties have a full ninety days to file a motion to vacate.  <u>Id.</u>  This indicates that a losing party may file a motion to vacate after a motion to confirm is filed, as long as the ninety-day period has not elapsed.

A case from the Nevada Supreme Court illustrates this principle.  <u>Casey v. Wells Fargo Bank</u>, 290 P.3d 265 (Nev. 2012).  In <u>Casey</u>, the Nevada Supreme Court examined a similar factual situation to the one presented here and held that the district court erred in not allowing the losing party a full ninety days

28

to file a motion to vacate an arbitration award.  290 P.3d at 268.  There, Casey, the losing party, received notice of an arbitrator's award to Wells Fargo on November 4, 2010.  Id. at 267.  Wells Fargo then filed a motion to confirm the award on December 22, 2010, well within the ninety-day period in which Casey could file a motion to vacate.  Id.  "Within hours, the district court granted Wells Fargo's motion."  Id. at 266.

In evaluating whether Casey could file a motion to vacate the award, the Nevada Supreme Court noted that Nevada's Arbitration Act was "almost identical" to the UAA, and therefore determined that "comment 1 to section 22 is useful in interpreting our statute."  Id. at 268.  After examining the comment, the court then explained:

> The error in this case thus was not in the district court accepting jurisdiction over the motion to confirm.  It was in summarily adjudicating the motion to confirm, without giving Casey the opportunity to file an opposition to the motion or to file a motion to vacate, modify, or correct, while she was still within the 90-day period to so move.

Id.  In other words, the Casey court distinguished between the court's "taking jurisdiction" over the motion to confirm, and adjudicating the motion to confirm.  See id.  It allowed the former but disapproved the latter because the ninety-day period to move to vacate had not yet elapsed.  Id.  Relatedly, the Casey court also concluded that a losing party must have an opportunity within the ninety-day period to challenge the winning party's

29

motion to confirm.  Id.

Additionally, the Washington Court of Appeals interpreted a similarly-worded vacate provision in their arbitration statute to permit the filing of a motion to vacate even after the trial court had confirmed the arbitration award.[13] Martin v. Hydraulic Fishing Supply, Inc., 832 P.2d 118 (Wash. Ct. App. 1992).  In Martin, an arbitration award was issued on December 21, 1990, and a motion to confirm the award was filed on December 28, 1990.  Id. at 119.  The trial court entered judgment confirming the award on January 9, 1991.  Id.  The award was thus confirmed before the statutory three-month period to file a motion to vacate expired.  Hydraulic Fishing Supply (HFS), the losing party, filed a motion to vacate the award on February 28, 1991, within the three-month period.  Id.  The motion to vacate was denied on March 21, 1991, and HFS appealed.  Id.

While the Washington Court of Appeals ultimately affirmed the trial court's denial of HFS's motion to vacate, it also held that HFS was entitled to file a motion to vacate after the trial court confirmed the award.  Id. at 120.  In explaining its rationale, the Martin court stated that a plain reading of

_____

[13]   Revised Code of Washington (RCW) 7.04.180 (1943) provided, "Notice of a motion to vacate, modify or correct an award shall be served upon the adverse party, or his attorney, within three months after a copy of the award is delivered to the party or his attorney."
    At that time, Washington had not yet adopted the UAA.

30

its arbitration scheme indicated that confirming an arbitration award was "not intended to cut off a party's rights under RCW 7.04.180 before the 3-month period it provides for has expired." Id.  It further determined that "[i]n the absence of any provision explicitly providing that a party's rights under RCW 7.04.180 are limited by entry of an order confirming the judgment under RCW 7.04.150,[14] we must conclude that the motion to vacate the judgment here was permissible under RCW 7.04.180." Id.

Applying the rationale employed in Martin and Casey here, we first observe that similar to Washington's statute, a party's rights under the vacate provision in our arbitration statute (HRS § 658A-23) are not limited by the confirmation provision (HRS § 658A-22).[15]  In fact, HRS § 658A-22 specifically states that a party may file a motion to confirm the arbitration award, and the court shall issue a confirming order, "unless the award is . . . vacated pursuant to section 658A-23." (Emphasis added.)  This suggests that the vacate provision actually places

---

[14]    RCW 7.04.150 (1982) provided in relevant part:

> At any time within one year after the award is made, unless the parties shall extend the time in writing, any party to the arbitration may apply to the court for an order confirming the award, and the court shall grant such an order unless the award is . . . vacated, modified, or corrected as provided in RCW 7.04.160 and 7.04.170.

[15]    See supra notes 2 and 3.

31

a limitation on a court's ability to confirm an award.  Because
nothing in HRS Chapter 658A explicitly provides that a party's
rights under HRS § 658A-23 are limited by an order confirming an
award, a timely motion to vacate an award, even if filed after a
court confirms that award, is permissible under our statutory
scheme.  See Martin, 832 P.2d at 120.  Finally, our statutory
scheme mirrors the UAA, and thus requires that a party be allowed
an entire ninety days after receiving notice of an award to file
a motion to vacate that award.  See Casey, 290 P.3d at 268.

This leads us to conclude that the ICA erred when it
relied on Hamm to hold that the Chungs did not have a full ninety
days to file a motion to vacate.  Instead, the language of HRS
Chapter 658A and clear legislative intent indicate that the
Chungs had an entire ninety-day period to file a motion to vacate
after receiving notice of the award.  Because they filed their
Motion to Vacate within the ninety-day period, the Chungs did not
lose their right to timely appeal the circuit court's decision to
deny their motion.

**C.  Absent the filing of a motion to vacate, a court should wait
to file an order confirming an arbitration award until the
ninety-day period in which to file a motion to vacate has
expired.**

Because the circuit court subsequently decided the
Chungs' Motion to Vacate on the merits, there is an adequate

32

record on which the ICA may evaluate the Chungs' appeal. The circuit court held a hearing on the Motion to Vacate, considered oral and written submissions by the parties regarding the Chungs' allegation of evident partiality by the arbitrator, and subsequently filed an order denying the Motion to Vacate. Moreover, when the circuit court amended its order to "again confirm" the arbitration award, the circuit court issued an appealable order that the ICA should have considered on the merits. While the circuit court admitted that it had erred in not immediately confirming the award after denying the Chungs' Motion to Vacate, the circuit court's subsequent decision to reconfirm the award was proper under the circumstances.

But in the future, in the interest of judicial economy, a circuit court presented with a motion to confirm an arbitration award should wait until after the statutory ninety-day period to file a motion to vacate expires before issuing an order confirming the award. Here, the circuit court recognized the Chungs' concerns regarding judicial economy, but ultimately concluded that without a motion to vacate before it, and because HRS § 658A-22 provided that the court "shall issue" a confirming order, it was required to grant the Bennetts' Motion to Confirm. This conclusion, as discussed above, is not mandated by our arbitration statute.

Therefore, in the interest of judicial economy, absent the filing of a motion to vacate, a circuit court should wait to file an order confirming an arbitration award until the ninety-day period in which to file a motion to vacate has elapsed.

### IV. CONCLUSION

Because the Chungs timely appealed an order that amended the circuit court's previous order denying their Motion to Vacate in a "material and substantial respect," and because the Chungs originally filed their Motion to Vacate within the statutory ninety-day period, the ICA erred in dismissing the Chungs' appeal for lack of appellate jurisdiction.

Accordingly, we vacate the ICA's August 8, 2017 Order Dismissing Appeal for Lack of Appellate Jurisdiction, and remand the case to the ICA to resolve the Chungs' appeal on the merits.

Carl H. Osaki for petitioners/defendants-appellants-cross-appellees

Robert E. Badger for respondents/plaintiffs-appellees-cross-appellants

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

