**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000784
21-APR-2021
07:58 AM
Dkt. 123 SO**

NO. CAAP-16-0000784

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BRIAN E. BENNETT and DEBRA S. BENNETT,
Plaintiffs-Appellees/Cross-Appellants,
v.
SAMUEL JONG HOON CHUNG and LINDA HYUNGKONG CHUNG,
Defendants-Appellants/Cross-Appellees,
and
DOES 1-10 and DOE ENTITIES 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0882)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

This appeal and cross-appeal arise from the arbitration of a real estate dispute.  Defendants-Appellants/Cross-Appellees Samuel Jong Hoon Chung and Linda Hyunkong Chung (the **Chungs**) appeal from the "Amended Judgment" in favor of Plaintiffs-Appellees/Cross-Appellants Brian E. Bennett and Debra S. Bennett (the **Bennetts**), and the "Amended Order Denying Defendants' Motion to Vacate Arbitration Award Filed May 13, 2015" (**Amended Order Denying Motion to Vacate**) both entered on October 25, 2016, by the Circuit Court of the First Circuit (**Circuit Court**).[1]

The Bennetts cross-appealed and challenge the "Order Granting Defendants Samuel Jong Hoon Chung and Linda Hyunkong

---

[1]  The Honorable Karen T. Nakasone presided.

Chung's Motion to Enter Amended Judgment" (**Order for Amended Judgment**) filed on September 26, 2016, the "Amended Order Denying Defendants' Motion to Vacate Arbitration Award Filed May 13, 2015," filed on October 25, 2016, and the "Amended Judgment" filed on October 25, 2016.

The Chungs' sole contention on appeal is that the trial court erred in denying their motion to vacate the arbitration award (**Motion to Vacate**) because of the evident partiality of the arbitrator.

In their cross-appeal, the Bennetts contend that the trial court committed reversible error in entering (1) the Order for Amended Judgment, (2) the Amended Order Denying Motion to Vacate, and (3) the Amended Judgment.

This court previously dismissed the Chungs' appeal for lack of appellate jurisdiction.  The Hawaiʻi Supreme Court granted the Chungs' petition for a writ of certiorari, vacated our dismissal order, and held that this court has appellate jurisdiction to address the merits of the Chungs' appeal. Bennett v. Chung, 143 Hawaiʻi 266, 428 P.3d 778 (2018).  As part of its opinion, the Hawaiʻi Supreme Court also held that the Circuit Court had properly amended the order denying the Chungs' Motion to Vacate and the judgment, and had properly reconfirmed the arbitration award to allow the Chungs to appeal.  Id. at 268, 428 P.3d at 780.  The Bennetts' cross-appeal is thus moot. Pursuant to the Hawaiʻi Supreme Court's opinion, the case was remanded to our court "to resolve the Chungs' appeal on the merits."  Id. at 280, 428 P.3d at 792.

We conclude the Chungs' point of error on appeal lacks merit and we thus affirm the Circuit Court's Amended Judgment, which denied the Chungs' Motion to Vacate and confirmed the Arbitration Award.

The Chungs contend that Arbitrator Keith Hunter (**Hunter** or **Arbitrator**) failed to disclose that he had made a recommendation to the Chungs after a one-day mediation that they retain two expert witnesses (the **Recommendation**).  The Chungs

2

claim this failure to disclose constituted evident partiality such that the Arbitration Award must be vacated.[2]

We conclude, under the circumstances of this case, that the Chungs failed to establish a reasonable impression of partiality based on the alleged non-disclosure of the Recommendation made to them during mediation.  Moreover, even assuming the Recommendation should have been disclosed in these circumstances, the Chungs waived any objection thereto.

Judicial review of arbitration awards is "confined to the strictest possible limits" based on the statutory grounds for confirmation, vacatur, modification, and correction.  Nordic PCL Const., Inc. v. LPIHGC, LLC, 136 Hawaiʻi 29, 41–42, 358 P.3d 1, 13–14 (2015).  When reviewing a circuit court's ruling on a motion to vacate for evident partiality,

> an appellate court is not reviewing an arbitrator's factual findings and application of law, which it is powerless to address, but the findings of fact and conclusions of law of the circuit court as to whether a duty of disclosure exists, which is a question of law; whether it has been breached, which is a question of fact; and whether any breach has been waived, which is also a question of fact.  As indicated in [Daiichi Hawaii Real Est. Corp. v. Lichter, 103 Hawaiʻi 325, 82 P.3d 411 (2003)], issues of law are reviewed *de novo* but factual issues, if any, are addressed under a "clearly erroneous" standard.

Id. at 42, 358 P.3d at 14.  We review a circuit court's rulings on a motion to vacate for evident partiality under the clearly erroneous standard where the circuit court's challenged conclusion was based on a mixed question of law and fact.  Narayan v. Ass'n of Apartment Owners of Kapalua Bay Condo, 140 Hawaiʻi 75, 83, 398 P.3d 664, 672 (2017) (citing Noel Madamba Contracting LLC v. Romero, 137 Hawaiʻi 1, 9, 364 P.3d 518, 526 (2015) (quotation marks omitted).

Prior to accepting appointment and after making a reasonable inquiry, an arbitrator must "disclose to all parties . . . any known facts that a reasonable person would consider likely to affect the impartiality of the arbitrator in the

---

[2]  In the Arbitration Award, the Bennetts were awarded $373,000, plus $93,250 in attorneys' fees and $28,187.67 in costs.

arbitration proceeding."  Hawaii Revised Statutes (**HRS**) § 658A-12(a).[3]  If an arbitrator does not disclose a fact required to be disclosed under HRS § 658A-12(a) or (b), "upon timely objection by a party, the court under section 658A-23(a)(2) may vacate an award."  HRS § 658A-12(d).  In turn, HRS § 658A-23(a)(2)[4] provides that the court "shall vacate an

---

[3]  HRS § 658A-12 (2016) provides, in part:

> **§658A-12  Disclosure by arbitrator.**  (a) Before accepting appointment, an individual who is requested to serve as an arbitrator, after making a reasonable inquiry, shall disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators <u>any known facts that a reasonable person would consider likely to affect the impartiality of the arbitrator in the arbitration proceeding</u>, including:
> > (1)   A financial or personal interest in the outcome of the arbitration proceeding; and
> > (2)   An existing or past relationship with any of the parties to the agreement to arbitrate or the arbitration proceeding, their counsel or representatives, a witness, or another arbitrator.
>
> (b) An arbitrator has a continuing obligation to disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators any facts that the arbitrator learns after accepting appointment which a reasonable person would consider likely to affect the impartiality of the arbitrator.
>
> (c) If an arbitrator discloses a fact required by subsection (a) or (b) to be disclosed and a party timely objects to the appointment or continued service of the arbitrator based upon the fact disclosed, the objection may be a ground under section 658A-23(a)(2) for vacating an award made by the arbitrator.
>
> (d) If the arbitrator did not disclose a fact as required by subsection (a) or (b), upon timely objection by a party, the court under section 658A-23(a)(2) may vacate an award.
>
> (e) An arbitrator appointed as a neutral arbitrator who does not disclose a known, direct, and material interest in the outcome of the arbitration proceeding or a known, existing, and substantial relationship with a party is presumed to act with evident partiality under section 658A-23(a)(2).

(Emphasis added).

[4]  HRS § 658A-23 (2016) provides, in relevant part:

> **§658A-23  Vacating award.**  (a) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
> > (1)   The award was procured by corruption, fraud, or other undue means;

(continued...)

award made in the arbitration proceeding" upon a motion by a party to the proceeding if, *inter alia*, there was "[e]vident partiality by an arbitrator appointed as a neutral arbitrator[.]" HRS § 658A-23(a)(2); see also Madamba, 137 Hawaiʻi at 9, 364 P.3d at 526.  "[T]he burden of proving facts which would establish a reasonable impression of partiality rests squarely on the party challenging the award."  Nordic, 136 Hawaiʻi at 51, 358 P.3d at 23 (quoting Daiichi Hawaii Real Est. Corp. v. Lichter, 103 Hawaiʻi 325, 339, 82 P.3d 411, 425 (2003)).[5]

Here, Hunter mediated the case on November 5, 2013, after which, according to an affidavit submitted by the Chungs' counsel in support of the Motion to Vacate, Hunter purportedly made the Recommendation to the Chungs to retain architect David Knox (**Knox**) and geotechnical engineer James Kwong (**Kwong**) as expert witnesses.

Subsequently, during a settlement conference before the Circuit Court on January 15, 2014, the parties reached an agreement to arbitrate the disputes in the action in lieu of a jury trial.  The parties entered a stipulation to stay the action in favor of arbitration (**Stipulation**), agreeing, among other things, "to appoint Keith Hunter as the arbitrator; and to waive any and all conflicts arising from Mr. Hunter's role as a

---

(...continued)

    (2)  There was:
         (A)  Evident partiality by an arbitrator
              appointed as a neutral arbitrator;
         (B)  Corruption by an arbitrator; or
         (C)  Misconduct by an arbitrator prejudicing
              the rights of a party to the arbitration
              proceeding;

    . . . .

(Emphasis added).

[5]  The Bennetts argue that retroactive application of Nordic and Madamba, which were decided after the Circuit Court ruled on the Motion to Vacate, would be prejudicial because both parties relied upon earlier cases that Nordic and Madamba partially overruled.  See, e.g., Daiichi, 103 Hawaiʻi at 339-40, 82 P.3d at 425-26 (citing Salud v. Fin. Sec. Ins. Co., 7 Haw. App. 329, 333, 763 P.2d 9, 11-12 (1988) ("when an arbitrator has a personal, professional, or business relationship with a party, its counsel, principal, or agent, a conflict of interest may arise sufficient to justify vacating that arbitration award.")  However, we reject the Bennetts' argument and decide the merits of this appeal based on the current state of the law.

mediator[.]"  On July 29, 2014, the Arbitrator disclosed, *inter alia*:

> 4.     I have been involved in numerous mediation and arbitration proceedings in which the following persons were witnesses or submitted written expert reports: Brandon W. Erickson, Masa Fujioka, David Knox, Wendell F. Brooks, Jr., Larry Shinsato and Gary Chock.
>
> 5.     As counsel and the parties are aware, I have served as a Mediator in this matter prior to being appointed as Arbitrator.  The parties have waived any objection to the undersigned serving as both Mediator and Arbitrator.
>
> . . . .
>
> Please file any written comments/objections to the above-referenced disclosure with DPR within seven (7) days herefrom.

(Emphases added).  The Chungs did not object to the Arbitrator's disclosures.

On February 11, 2015, the final Arbitration Award was issued.  Only thereafter, on May 13, 2015, in the Motion to Vacate, did the Chungs assert for the first time that the Arbitrator failed to disclose the Recommendation, arguing that this lack of disclosure constituted evident partiality requiring that the Arbitration Award be vacated.

In denying the Motion to Vacate, the Circuit Court acknowledged that its "role is not to second-guess the arbitrator's award" and ruled that the Recommendation did not create a reasonable impression of partiality, stating:[6]

> [T]he arbitrator's nondisclosure or alleged nondisclosure of a referral to the party who received the referral is not evident partiality, and this is undisputed that this -- this particular nondisclosure complained about by the movants was in the context of mediation.
>
> The objections to this nondisclosure as well as the nondisclosure after the award, I think the Court's conclusion is that these objections are untimely and they are waived, waived via stipulation, and the stipulation was attached in the opposition papers.

---

[6]  The Circuit Court did not enter written findings of fact or conclusions of law in the Order Denying Motion to Vacate; notwithstanding, so long as the court's reasoning is clearly stated on the record, we can address the court's determination whether the disclosure standards were met.  Nordic, 136 Hawaiʻi at 54, 358 P.3d at 26.

(Emphases added).  First, the Circuit Court is clearly correct that the Chungs' claim is based on their allegation that Hunter failed to disclose that he made expert recommendations to <u>them</u>. Even if we accept these allegations as true, based on our review of HRS § 658A-12(a) and applying the standards for disclosure in this case, we conclude that these circumstances -- where the Chungs were fully aware of the alleged undisclosed facts -- do not establish evident partiality entitling them to vacate the Arbitration Award.  <u>See</u> <u>Nordic</u>, 136 Hawaiʻi at 46, 358 P.3d at 18 (noting the legislature adopted Section 12 of the Uniform Arbitration Act (**UAA**) in its entirety, which is HRS § 658A-12, and the Commentary to UAA section 12(a) provides, *inter alia*, that disclosure requirements "assure that parties should have access to all information that might reasonably affect the potential arbitrator's neutrality.") (bracket omitted).  The Chungs have not met their burden of establishing evident partiality warranting that the Arbitration Award be vacated.

Second, it is undisputed in this case that the Chungs stipulated to appoint Hunter as the Arbitrator and waived "any and all conflicts arising from Mr. Hunter's role as a mediator." It is also undisputed that the Chungs entered the Stipulation at a time when they necessarily would have known of the facts that they allege Hunter should have disclosed.  Thus, the Chungs knowingly waived their claims of evident partiality.  They only complained of non-disclosure after the Arbitration Award was issued.

"A respectable number of federal jurisdictions have invoked the waiver principle under circumstances in which the complaining party knew or should have known of the potential partiality of an arbitrator but failed to raise an objection to the arbitrator's appointment prior to the arbitration decision." <u>Nordic</u>, 136 Hawaiʻi at 53, 358 P.3d at 25 (quoting <u>Daiichi</u>, 103 Hawaiʻi at 346, 82 P.3d at 432 (citing cases from the 1st, 2nd, 3rd, and 8th circuits)).

"[W]aiver has been defined as consisting of knowledge, actual or constructive, in the complaining party of the tainted

relationship or interest of the arbitrator and the failure to act on that knowledge." <u>Daiichi</u>, 103 Hawaiʻi at 346, 82 P.3d at 432 (citation and quotation marks omitted); <u>see also</u> <u>Nordic</u>, 136 Hawaiʻi at 52, 358 P.3d at 24.  Here, the Chungs admittedly did not object based on the Arbitrator's alleged non-disclosure of the Recommendation to them until after issuance of the Arbitration Award.  The Chungs' objections based on Hunter's alleged non-disclosure and evident partiality have thus been waived.

Therefore, IT IS HEREBY ORDERED that the "Amended Order Denying Defendants' Motion to Vacate Arbitration Award Filed May 13, 2015," and the "Amended Judgment," both entered on October 25, 2016, by the Circuit Court of the First Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, April 21, 2021.


On the briefs:                    /s/ Lisa M. Ginoza
                                  Chief Judge
Carl H. Osaki,
for Defendants-Appellants/        /s/ Keith K. Hiraoka
Cross-Appellees.                  Associate Judge

Robert E. Badger,                 /s/ Clyde J. Wadsworth
for Plaintiffs-Appellees/         Associate Judge
Cross-Appellants.