<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000436
13-OCT-2020
09:14 AM
Dkt. 59 ODSLJ**</span>

NO. CAAP-18-0000436
(Consolidated with No. CAAP-18-0000504)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-18-0000436**
WILMINGTON TRUST, NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS SUCCESSOR TRUSTEE TO CITIBANK, N.A.
AS TRUSTEE TO LEHMAN XS TRUST MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-10, Plaintiff-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF
WAIKOLOA HILLS CONDOMINIUM, Defendant-Appellant,
and
MARSHALL D. CHINEN, ESQ., AS THE PERSONAL REPRESENTATIVE
OF THE ESTATE OF ARCHIE K. GRANT AKA ARCHIE GRANT, JR.,
DECEASED; MICHIKO GRANT; JOHN DOES 1-20;
JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC17100106K)


and


**CAAP-18-0000504**
WILMINGTON TRUST, NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS SUCCESSOR TRUSTEE TO CITIBANK, N.A.
AS TRUSTEE TO LEHMAN XS TRUST MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-10, Plaintiff-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF
WAIKOLOA HILLS CONDOMINIUM, Defendant-Appellant,
and

MARSHALL D. CHINEN, ESQ., AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF ARCHIE K. GRANT AKA ARCHIE GRANT, JR., DECEASED; MICHIKO GRANT; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC17100106K)

## ORDER DISMISSING APPEAL
(By: Chan, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Upon review of the supplemental memorandum filed by Defendant-Appellant Association of Apartment Owners of Waikoloa Hills Condominium (**AOAO**) on October 5, 2020, and the record in these consolidated appeals, it appears that:

1. The AOAO nonjudicially foreclosed its lien and became the owner of the subject property (**Property)** more than one year before the mortgage foreclosure complaint below was filed by Plaintiff-Appellee Wilmington Trust, National Association (**Wilmington**);

2. The circuit court granted Wilmington's motion for summary judgment; appointed a **Commissioner** to take possession and control of the Property, collect rent payments, and sell the Property at public auction; entered a **Judgment of Foreclosure**; and retained jurisdiction to determine whether the AOAO was entitled to a special assessment under Hawaii Revised Statutes (**HRS**) § 514B-146;

3. The AOAO filed these appeals, contending that the circuit court erred by denying the AOAO's request "to continue to maintain possession of the Property, manage and preserve the Property, and if appropriate, continue to rent the Property until completion of the current foreclosure action";

4. While these consolidated appeals were pending, the Commissioner filed a report with the circuit court stating, among other things, that he "collected no rent or other monies ($0.00) in connection with his duties regarding the Property";

5. On October 29, 2019, Wilmington filed a motion for an order confirming the foreclosure sale of the Property;

6.    On November 13, 2019, the AOAO filed a response to Wilmington's motion to confirm, stating that "the Commissioner collected no rent or other monies in connection with his duties regarding the Property. . . . Consequently, there is no rent to be paid to [Wilmington]";

7.    On December 18, 2019, the circuit court entered the **Order Confirming Foreclosure Sale** that approved the Commissioner's report; confirmed the sale of the Property; and directed that the purchaser of the Property pay to the AOAO "a special assessment for monthly common assessments that were assessed to the Property during the six months immediately preceding the completion of the foreclosure" pursuant to HRS § 514B-146;

8.    On January 15, 2020, the AOAO filed a notice of appeal from the Order Confirming Foreclosure Sale and the related **Judgment**, resulting in the creation of CAAP-20-0000024;

9.    On May 14, 2020, the AOAO filed a motion to dismiss CAAP-20-0000024;

10.    On May 21, 2020, we entered an order granting the AOAO's motion to dismiss CAAP-20-0000024, whereupon the Order Confirming Foreclosure Sale and the Judgment became final and non-appealable;

11.    Mootness is an issue of subject matter jurisdiction. <u>Doe v. Doe</u>, 120 Hawaiʻi 149, 164, 202 P.3d 610, 625 (App. 2009);

12.    The Hawaiʻi Supreme Court has held:

> As a general rule, a case is moot if the reviewing court can no longer grant effective relief.  Stated another way, the central question before us is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.

<u>In Re Marn Family</u>, 141 Hawaiʻi 1, 7, 403 P.3d 621, 627 (2016) (cleaned up) (citation omitted);

13.    When we perceive a jurisdictional defect in an appeal we must, sua sponte, dismiss that appeal. <u>Bennett v. Chung</u>, 143 Hawaiʻi 266, 274, 428 P.3d 778, 786 (2018); and

14. None of the exceptions to the mootness doctrine apply: public interest, <u>see</u> <u>Doe v. Doe</u>, 116 Hawaiʻi 323, 327, 172 P.3d 1067, 1071 (2007); "capable of repetition yet evading review," <u>see</u> <u>State v. Tui</u>, 138 Hawaiʻi 462, 468, 382 P.3d 274, 280 (2016); or "collateral consequences," <u>see</u> <u>Hamilton ex rel. Lethem v. Lethem</u>, 119 Hawaiʻi 1, 7, 193 P.3d 839, 845 (2008).

Now therefore, IT IS HEREBY ORDERED that these appeals are moot and are dismissed for lack of subject matter jurisdiction.

Dated: Honolulu, Hawaiʻi, October 13, 2020.

/s/ Derrick H.M. Chan
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge