**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000383
09-DEC-2020
07:46 AM
Dkt. 97 ODSLJ**</span>

NO. CAAP-18-0000383


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


BANK OF AMERICA, NATIONAL ASSOCIATION, Plaintiff-Appellee,
v.
HANOHANO HALE, Defendant-Appellant,
and
MILFORD MICHAEL TURIN; DEBRA RENEE TURIN; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Case No. 1CC091000563)


**ORDER DISMISSING APPEAL**
(By:  Hiraoka, Presiding Judge, Nakasone and Circuit Judge Wong,
in place of Ginoza, C.J., Leonard and Wadsworth, JJ.)


Upon review of the supplemental memoranda filed by Plaintiff-Appellee Bank of America, National Association (**Bank**) and Defendant-Appellant Association of Apartment Owners of Hanohano Hale (**AOAO**), and the record, it appears that:

1.   Bank filed its complaint to foreclose the mortgage on the subject property (**Property**) on March 10, 2009;

2.   The AOAO nonjudicially foreclosed its lien for maintenance fees and other assessments, and took title to the Property by quitclaim deed recorded on March 20, 2014;

3.   Bank filed a motion for summary judgment and interlocutory decree of foreclosure on January 5, 2018;

4.     The AOAO filed a "Limited Memorandum in Opposition" to Bank's motion for summary judgment, arguing that it owned the Property and should retain all rents generated by the Property until "after a court has issued a final judgment determining the priority of a senior mortgagee" under Hawaii Revised Statutes (**HRS**) § 514B-146(k);

5.     The circuit court entered findings of fact, conclusions of law and an order for interlocutory decree of foreclosure on February 28, 2018 (**Foreclosure Order**);

6.     The Foreclosure Order appointed a commissioner "to take possession and control of the Property, including but not limited to, collecting rental payments and to sell the Property at a public or private sale[,]" and to "include an accounting of all rents collected . . . in the Commissioner's Report to be filed with [the circuit court].";

7.     The Foreclosure Order also stated:

> 13.     Distribution of the rent collected, and entitlement thereto, shall be addressed at the hearing for confirmation of the sale of the Property.

8.     A judgment (**Foreclosure Judgment**) was entered on February 28, 2018;

9.     The AOAO moved for reconsideration of the Foreclosure Order;

10.    The circuit court denied the AOAO's motion for reconsideration;

11.    On May 2, 2018, the AOAO filed a notice of appeal from the Foreclosure Judgment, resulting in CAAP-18-0000383;

12.    The **Commissioner's Report** was filed on October 23, 2018;

13.    The Commissioner's Report stated:

> 22.     That your Commissioner leaves the distribution of the rental income collected by the AOAO Hanohano Hale from the date of the [Foreclosure] Order to the present date to the discretion of the [circuit court].

14.  On January 24, 2019, the circuit court entered an order confirming the foreclosure sale and approving the Commissioner's Report (**Confirmation Order**);

15.  The Confirmation Order stated:

> 2.    That the Commissioner's Report filed herein is hereby ratified, approved and confirmed.
>
> . . . .
>
> 8.    That upon the Commissioner making the conveyance and distributions, and the filing of a final distribution statement and accounting, the Commissioner shall be discharged from further duties and responsibilities as commissioner.
>
> . . . .
>
> 10.    Defendant [AOAO]'s request for a special assessment pursuant to HRS § 514B-146 is hereby denied.
>
> 11.    Defendant [AOAO]'s request for rent is hereby denied.

16.  The Commissioner's "Distribution Statement and Account" had been filed on January 2, 2019;

17.  The circuit court entered judgment on the Confirmation Order (**Confirmation Judgment**) on January 24, 2019;

18.  "Following the entry of the Confirmation Order, the [AOAO] made a business judgment decision to not appeal the ruling";

19.  The Confirmation Judgment became final and non-appealable on Monday, February 25, 2019;

20.  Mootness is an issue of subject matter jurisdiction.  Doe v. Doe, 120 Hawai‘i 149, 164, 202 P.3d 610, 625 (App. 2009);

21.  In In Re Marn Family, 141 Hawai‘i 1, 403 P.3d 621 (2016), the Hawai‘i Supreme Court has held:

> As a general rule, a case is moot if the reviewing court can no longer grant effective relief.  Stated another way, the central question before us is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.

Id. at 7, 403 P.3d at 627 (cleaned up) (citation omitted);

22.   When we perceive a jurisdictional defect in an appeal we must, sua sponte, dismiss that appeal.  Bennett v. Chung, 143 Hawaiʻi 266, 274, 428 P.3d 778, 786 (2018); and

23.   Because the AOAO did not appeal from the Confirmation Judgment, the circuit court's denial of the AOAO's request for rent is not properly before us and none of the exceptions to the mootness doctrine — public interest, see Doe v. Doe, 116 Hawaiʻi 323, 327, 172 P.3d 1067, 1071 (2007); "capable of repetition yet evading review," see State v. Tui, 138 Hawaiʻi 462, 468, 382 P.3d 274, 280 (2016); or "collateral consequences," see Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 7, 193 P.3d 839, 845 (2008) — apply.

Now therefore, IT IS HEREBY ORDERED that the AOAO's appeal is moot and is dismissed for lack of subject matter jurisdiction.

DATED:  Honolulu, Hawaiʻi, December 9, 2020.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Paul B.K. Wong
Acting Associate Judge